In re the Marriage of Gale Alan
PFEIFFER, Petitioner,
Respondent,

v.

Katherine G. PFEIFFER, Appellant.

No. C6-84-870.

Court of Appeals of Minnesota.

March 26, 1985.

Happel Law Office, Dennis W. Happel, Perham, for petitioner, respondent.

Irvine, Ramstad, Quam, Briggs, Irvine & Jordheim, P.A., Detroit Lakes, for appellant.

Heard, considered and decided by NIERENGARTEN, P.J., and FOLEY and CRIPPEN, JJ.

## OPINION

NIERENGARTEN, Judge.

Appellant Katherine Pfeiffer appeals from an order modifying the dissolution decree by transferring physical custody of Steven and Glen Pfeiffer to respondent Gale Pfeiffer during the school year and two months during the summer. The trial court found that the two boys had been integrated into Gale's home with the consent of Katherine and such modification would be in the best interests of the children. We affirm.

## FACTS

In 1980 Gale and Katherine Pfeiffer's marriage was dissolved by stipulation after 16 years. Joint legal custody of the parties' four children: Paul (18), Steven (17), Glen (15), and Susan (14) was shared. Katherine received physical custody with Gale given liberal visitation rights and physical custody for the three months of summer.

After the dissolution, the parties lived together in Frazee, Minnesota until November 1981 when Gale moved to a farm less than 20 miles away. The children visited their father regularly, and Steven and Glen stayed at the farm every weekend and on many week nights.

In July 1983, Katherine decided to move from Frazee to Mountain Lake, Minnesota.

Steven and Glen expressed a desire to remain with their father so they could enroll in Pelican Rapids School District where they began their education.

In August 1983, Gale sought the physical custody of the two boys, Steven and Glen, for the duration of the 1983–84 school year because of Katherine's move to Mountain Lake. A custody investigation recommended Katherine have complete and total custody of all four children.

Following a hearing, the trial court amended the 1980 Decree by ordering Steven and Glen to reside with their father during the school year with weekend and one summer month visitation rights to Katherine. Katherine appealed. At oral argument Katherine's counsel conceded that Steven should not be removed from the Pelican Rapids School District since Steven will be graduating from high school this year. Accordingly, our discussion will only concern Glen.

## ISSUES

1. What is the appropriate standard for modifying a child custody order where the parties have joint legal custody and the noncustodial parent seeks physical custody?

2. Was Glen so integrated into the noncustodial parent's home that a modification of custody would be in his best interests?

## ANALYSIS

### I

With "joint legal custody," "both parents have equal rights and responsibilities, including the right to participate in major decisions determining the child's upbringing, including education, health care and religious training." Minn.Stat. § 518.003, subd. 3(b) (1982). When the Pfeiffer's marriage was dissolved in 1980, it was determined the best interests of the children required joint legal custody, with physical custody and residence with Katherine. *See* Minn.Stat. § 518.17, subds. 1–3 (1982).

When Gale sought to change the physical custody of the two boys because of Katherine's move to Mountain Lake, Gale argues the appropriate standard for the court to apply was "the best interests of the child" found in Minn.Stat. § 518.17 (1982). He obviously does not want the requirements and presumptions of Minn.Stat. § 518.18 (1982) applied because section 518.18(d) prohibits a trial court from modifying a prior custody award unless the noncustodial parent overcomes certain presumptions which section 518.17 does not contain. He is wrong. *See State ex rel. Gunderson v. Preuss*, 336 N.W.2d 546, 547 (Minn.1983).

■ When the trial court transferred physical custody of Steven and Glen to Gale, it modified the original physical custody order, even though joint legal custody was left unchanged. Therefore, any change in physical custody must comply with the requirements of section 518.18(d), which specifically applies to custody modification.

## II

Section 518.18(d) provides in part:

If the court has jurisdiction to determine child custody matters, the court shall not modify a prior custody order unless it finds, upon the basis of facts that have arisen since the prior order or that were unknown to the court at the time of the prior order, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the. best interests of the child. *In applying these standards the court shall retain the custodian established by the prior order unless:*

(i) The custodian agrees to the modification;

(ii) The child has been integrated into the family of the petitioner with the consent of the custodian; or

(iii) The child's present environment endangers his physical or emotional health or impairs his emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

Minn.Stat. § 518.18(d) (1982) (emphasis added).

A fair reading indicates the trial court must first find that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. That is merely the first step. Then, the noncustodial parent must satisfy subparagraph (i), (ii), or (iii). Any one of the conditions is sufficient.

Here, the trial court's findings confine us to a consideration of subparagraph (ii), that is, whether Glen was integrated into the family of Gale with the consent of Katherine. The findings will not be set aside unless they are clearly erroneous. Minn.R. Civ.P. 52.01.

■ Primarily, there has been a change of circumstances in that Katherine has moved her residence from Pelican Rapids to Mountain Lake, Minnesota, over 200 miles away. Additionally, Glen has unequivocally stated that he wants to live with his father so he can finish his education in the Pelican Rapids Public Schools.

■ Next, it would appear the best interests of Glen is served by the transfer of physical custody to Gale who lives in the Pelican Rapids school district. The psychological effects of a move from one community to another, especially when the move would be against the wishes of Glen cannot be ignored. *See Hegerle v. Hegerle*, 355 N.W.2d 726, 730 (Minn.Ct.App.1984).

■ We then reach 518.18(d)(ii). Glen, with the consent of Katherine, had been substantially integrated into Gale's family. Katherine's consent can be implied. For approximately one year, Gale and Katherine lived together with the children after their divorce. During that period, Gale spent over half of the time taking care of the children. Subsequently, a considerable amount of time was spent at the farm where both boys became involved in many projects. Changing physical custody to

Gale was a recognition of the status quo and an enforcement of his custodial rights. *See Hegerle,* 355 N.W.2d at 732.

Katherine argues that the integration was involuntary because the trial court's August 1983 order required change of physical custody of the children until further order of the court. The argument, however ingenious, has no foundation. The trial court specifically found that Glen had been integrated into the family of Gale prior to its August 1983 order.

## DECISION

A modification of a custody order must comply with the requirements of Minn.Stat. § 518.18(d) (1982).

The record supports the trial court's finding that the parties' minor child was integrated into the noncustodial parent's family, thereby justifying a custody modification.

Affirmed.