**In re the Marriage of Raija OTAVA, Petitioner, Appellant**

v.

**Antti E. OTAVA, Respondent.**

**No. C7–85–502.**

Court of Appeals of Minnesota.

Sept. 17, 1985.

Malcolm H. Greenberg, Virginia, for appellant.

Steven L. Reyelts, Steven W. Schneider, Duluth, for respondent.

Heard, considered and decided by CRIPPEN, P.J., and SEDGWICK and NIERENGARTEN, JJ.

## OPINION

CRIPPEN, Judge.

The appellant mother, the custodial parent of a 12 year old son of the parties, moved the trial court to allow removal of the child to Finland. She appeals the trial court's denial of the motion. We affirm.

### FACTS

The ten-year marriage of the parties was dissolved by a judgment dated June 21, 1984. Twenty-eight days later, the child's mother moved for permission to remove the son of the parties to Finland.

According to a prejudgment stipulation of the parties, appellant was given custody of Miika Otava, then age 11. The stipulation gave respondent the right of reasonable visitation, expressly including weekly contacts, alternating weekend and holiday visits, and one week visitations once in the summer and once in the winter.

Appellant has two part-time jobs, working as a pre-school instructor and a nurse's aide. She wishes to move to Finland to study child care services. With this schooling, appellant believes she can obtain a full-time child care job in Finland, one with a salary and benefits that can permit "a better life for herself and her minor son."

Appellant testified that the child is happy, polite, and able, and that she and the child would enjoy contact with close relatives who live in Finland. The mother and child lived in Finland during a temporary separation of the parties in 1982. Members of the family speak Finnish fluently. Appellant believes schools in Finland are better than schools here.

Appellant was notified in July 1984 that her college application in Finland had been accepted. She was denied admission to this school in 1968 and took an admission test again in April 1984. The parties prepared the prejudgment stipulation while she was unsure if she would be admitted. She did not disclose the plan to move, and the stipulation required respondent to provide improvements on a house awarded to appellant. If appellant's plan to move the child is not approved, she will stay in the home, located at Mountain Iron.

Respondent testified that he and his son live within a few blocks of each other. While he believes appellant is a good mother, he loves the child and does not want to change current visitation arrangements. He is afraid he would not have enough money to pay for many visitations overseas. Further, Miika has a good relationship with John, respondent's son from a first marriage, and respondent does not want the brothers separated. In addition to regular visits, Miika stops by frequently after school to spend time with John.

After conducting an evidentiary hearing, the trial court found that evidence did not show the move was in the child's best interests and denied appellant's motion. The court also concluded that the proposal called for a custody modification unsupported by evidence of changed circumstanc-

es and was brought earlier than permitted under Minn.Stat. § 518.18 (1984).

## ISSUES

1. Did the trial court err in finding that removal to Finland would not serve the child's best interests?

2. Did the trial court err in holding that the custodial parent had the burden to prove cause for removal?

## ANALYSIS

### 1.

■ To modify custody, the trial court must find "that the modification is necessary to serve the best interests of the child." Minn.Stat. § 518.18(d) (1984). Likewise, visitation modifications must "serve the best interests of the child." Minn.Stat. § 518.175, subd. 5 (1984). Thus, the Minnesota Supreme Court observed that relocation of a child

> may be prompted by a wide variety of reasons, but whether the motive is personal preference or economic necessity, the focus should remain, where the legislature has placed it, on the best interests of the child.

*Auge v. Auge,* 334 N.W.2d 393, 400 (1983).

The trial court findings of fact must be upheld unless they are clearly erroneous. Minn.R.Civ.P. 52.01.

■ We conclude that the trial court was not clearly wrong in finding insufficient evidence to show that a move of Miika Otava to Finland would serve his best interests. The move would seriously impair visitation contacts with the boy's father, and it would require the child to sacrifice an important relationship with his brother. The preservation of the child's relationships is a significant factor in assessing the child's best interests. Minn.Stat. § 518.17, subd. 1(c), (e) (1984).

The trial court could reasonably find that harm in moving the child was not outweighed by the value of contacts for the child in Finland. The advantages for a move are unclear. They relate mostly to the child's financial circumstances, but there was no evidence that a move to Finland would improve the financial situation of appellant and the child. Particularly, there was no competent evidence to show the financial situation would be improved after appellant completed her schooling. Although appellant foresaw a "better life," the court could find from the evidence that appellant did not prove that the child's needs could be adequately met if appellant moved to Finland.

■ In addition, the supreme court has indicated that when removal is contemplated the trial court must attempt to maintain such visitation contacts as are "reasonable and necessary to maintain a good relationship between the noncustodial parent and the child." *Auge,* 334 N.W.2d at 400. Present visitation arrangements can be set aside "where reasonable alternative visitation is available and where the advantages of the move are substantial." *Id.* at 398 (quoting *D'Onofrio v. D'Onofrio,* 144 N.J. Super. 200, 207–08, 365 A.2d 27, 30 [1976]). The trial court here received ample evidence that if the child moved to Finland, his father would be unable to maintain a normal visitation relationship. Thus, no reasonable alternative visitation arrangement was feasible.

### 2.

Appellant contends the trial court erred in treating her request as a modification proposal and holding her to the burden of proving that the move would benefit the child. Under *Auge,* where denial of a move is tantamount to a change of custody, the noncustodial parent has the burden to show that the move contradicts the best interests of the child. *Id.* at 397, 399.

Respondent counters with arguments that the *Auge* presumption does not apply here. The supreme court in *Auge* expressly declined to decide the appropriate rule for cases of removal to a foreign country. *Id.* at 396 n. 2. *See Tischendorf v. Tischendorf,* 321 N.W.2d 405 (Minn.1982) (father in West Germany granted conditional visitation rights) Annot., 30 A.L.R.4th 531.

See also Daghir v. Daghir, 82 App.Div.2d 191, 441 N.Y.S.2d 494 (1981) (court prevents removal of child to France), aff'd 56 N.Y.2d 938, 453 N.Y.S.2d 609, 439 N.E.2d 324 (1982). Further, appellant does not plan to move from Mountain Iron if her request is denied, and denial will not bring about a change of custody. See Auge, 334 N.W.2d at 397.

We conclude that the presumption dispute need not be resolved here. The burden of proof does not significantly alter the validity of the trial court's findings. If we were to assume that the respondent has the burden of proving the move to Finland would be contrary to the child's best interests, we nevertheless find ample evidence of record to sustain the finding of the trial court. Similarly, because we sustain the trial court's finding that removal would be contrary to the child's best interests, we need not decide whether the court erred in concluding that appellant's request failed to conform to other requirements of Minn. Stat. 518.18.

Finally, appellant disputes the adequacy of the trial court findings on the child's best interests. In *Wallin v. Wallin*, 290 Minn. 261, 187 N.W.2d 627 (1971), the trial court awarded custody of the parties' daughter to the child's paternal grandparents, and the child's mother appealed. Concerning the matter of deference to the trial court, the Minnesota Supreme Court stated:

> [I]n custody matters and in domestic relations cases generally, a high regard must necessarily be given to the trial court's broad discretion. Yet, in view of that broad discretion, it is especially important that the basis for the court's decision be set forth with a high degree of particularity if appellate review is to be meaningful.

*Id.* at 267, 187 N.W.2d at 631. We elect here to review the ultimate finding of the trial court on the basis of the short record. *See Hegerle v. Hegerle*, 355 N.W.2d 726, 730 (Minn.Ct.App.1984) (court of appeals affirmed custody modification despite trial court's failure to make findings of fact).

As already indicated, we conclude the evidence sustains the trial court's finding on the child's best interests.

## DECISION

Evidence in the case is sufficient to sustain the trial court's finding that removal of the child to Finland would not serve his best interests.

Affirmed.