JAMES W. PETERSEN v.
MAJIL CLEONE PETERSEN.

206 N. W. 2d 658.

April 27, 1973—No. 43579.

*Harry N. Ray,* for appellant.
*R. Glenn Nord,* for respondent.

Heard before Knutson, C. J., and Otis, Todd, and Olson, JJ.

PER CURIAM.

The trial court has amended a divorce decree to award custody of minor children to their mother. The father appeals. The issue is whether the record supports the court's conclusion that by reason of a change in the mother's circumstances the welfare and best interests of the children now require that she be relieved of the terms of the stipulation which she entered agreeing to divided custody. We are of the opinion the evidence supports the court's decision and affirm.

The parties were divorced on January 19, 1971. They have two children, Lisa, born July 5, 1966, and David, born May 8, 1969. The decree adopted the terms of the stipulation which gave the father custody from Sunday night to Friday night, and the mother custody over the weekend.

In June 1971, the mother moved the court to amend the decree to award her exclusive custody. That motion was denied. A memorandum by the court pointed out that the motion was premature in the light of the mother's pending remarriage. In August 1971, the motion was renewed. It was accompanied by

affidavits which disclosed that the mother had remarried on July 17, that she had arranged for a competent babysitter while she was at work, but would shortly stop working, and that she and her new husband had acquired a home suitable for rearing the children.

On January 27, 1972, the court granted custody to the mother with visitation rights in the father. In its order, the court noted that the parties' stipulation was entered at a time when the mother was under financial stress which made it necessary that she be employed. The court found that both parties had remarried and established suitable homes adequate to serve the needs of the children. Both parents were held to be equally qualified to have custody, but the court concluded that the best interests of the children required that they be with their mother.

Appellant vigorously contends that it was error to prefer the mother over the father in the light of Minn. St. 518.17, which provides in part as follows:

"* * * In determining the parent with whom a child shall remain, the court shall consider all facts in the best interest of the children and shall not prefer one parent over the other solely on the basis of the sex of the parent."

It is further argued that there was no substantial change in circumstances and that in the absence of such a change, respondent was bound by her stipulation. We do not agree. Although considerable weight is given to stipulations intelligently entered with the benefit of counsel, Hellman v. Hellman, 250 Minn. 422, 426, 84 N. W. 2d 367, 371 (1957), in determining questions of custody the paramount issue remains the welfare and best interests of the children. The court must in every case exercise an independent judgment and is not bound by the stipulation.

In the matter before us, although the court did not set out its findings with the particularity helpful to a reviewing court, Wallin v. Wallin, 290 Minn. 261, 267, 187 N. W. 2d 627, 631 (1971), the record sustains the court's decision. The stipulation was en-

tered at a time when the mother was emotionally and financially distressed and, as the court pointed out, it was simply a "good temporary workable solution." The stipulation resulted in divided custody and the uncertain status of the parties which is inherent in that arrangement. The children were 5 and 2 years of age at the time the mother sought custody. In the light of her remarriage and her ability to devote full time to her children, we find no reason to set aside the amended decree.

Unfortunately, the children have remained in their father's custody pending this appeal under the mistaken impression of both parties that a supersedeas bond stays the execution of the court's order. Rule 62.03, Rules of Civil Procedure, permits a stay only when authorized by Rules 107 and 108, Rules of Civil Appellate Procedure. There is nothing in the rules which suggests that a custody order is affected by the filing of a bond on appeal. Were the rule otherwise, in many cases, including this one, it would be detrimental to the interests of the children to wait until appellate procedures had run their course. For the future guidance of the bench and bar, we therefore point out that orders changing the custody of children are not affected by supersedeas or cost bonds but are to take effect at whatever date the trial court specifies.

Affirmed.