Jeffrey B. LANDA, petitioner,
Respondent,

v.

Billie Ann (Landa) NORRIS, et
al., Appellants.

No. 81–231.

Supreme Court of Minnesota.

Dec. 17, 1981.

Cox & Goudy, Minneapolis, for appellants.

Louis M. Reidenberg, Minneapolis, for petitioner, respondent.

SHERAN, Chief Justice.

The appellants Billie Ann (Landa) Norris (hereafter mother) and David Norris appeal from an order of the Hennepin County District Court, Family Court Division, granting temporary custody of the two minor children to their natural father Jeffrey Landa (hereafter father) and denying the appellants' motion to dismiss for lack of jurisdiction. We reverse and remand the matter with instructions.

The record indicates that two states, both Minnesota and Ohio, have expressed an interest in exercising jurisdiction to resolve this custody dispute and the narrow question for review is which of those states has primary jurisdiction under the Uniform Child Custody Jurisdiction Act, Minn.Stat. §§ 518A.01–.25 (1980).

The mother and father were married in North Dakota in 1974. The two children born of the marriage, Tracy Ann and Edward Michael, were temporarily placed in the custody of their mother by the North Dakota Court exercising jurisdiction over the marital dissolution action and returned with their mother to their Ohio home town. On February 15, 1979, the North Dakota Court entered an order dissolving the marriage and awarding permanent custody of the children to their mother subject to the father's right of visitation. Thereafter, the father relocated to Minnesota. Both the mother and father remarried.

When the father experienced difficulties in exercising his visitation rights, he retained Ohio counsel so that he could obtain the Ohio court's intervention. Counsel informed him that local procedural rules required that requests for modifications of visitation privileges must be included in a complaint for change of custody. In filing the complaint, the father acceded to the

jurisdiction of the Ohio courts. As a result, an order was issued on January 29, 1980 by the Ohio court according full faith and credit to the North Dakota court's decree; "fixing" permanent custody with the mother; and modifying the visitation privileges.

On May 21, 1980, the father allegedly noticed evidence of child abuse to his son Edward, then 2 years old. He consulted a Minnesota pediatrician and was advised to report the alleged abuse to the Hennepin County Child Protection Service. He simultaneously obtained an order of the Hennepin County District Court to show cause why the father should not be granted permanent custody. The order was based on Minn.Stat. § 518A.03, subd. 1(c)(2) (1980) which authorizes the exercise of jurisdiction by a court in case of an emergency. A hearing on the order and the mother's motion to dismiss for lack of jurisdiction were continued upon the mother's request and discovery commenced in both Minnesota and Ohio.

During the pendency of the Minnesota action, the mother moved the Ohio court for an order to show cause why the father should not be held in contempt of court for his retention of the children in Minnesota. As service of that motion was defective, the parties agreed to continue the scheduled hearing and to move the court for approval of that continuance agreement. However, without the knowledge of father's counsel, counsel for the mother also requested that the Ohio court determine whether it had jurisdiction over the custody dispute. An order was issued in August 1980 granting a continuance and determining that jurisdiction did exist in the Ohio court. That order was later revoked as to the jurisdictional question because it was obtained ex parte.

Before formal action was taken in Ohio on that jurisdictional question, the hearing was conducted in the Hennepin County District Court. That court found that the exercise of jurisdiction by Minnesota was authorized by operation of either Minn.Stat. § 518A.03, subd. 1(b) (1980), which provides for Minnesota's assumption of jurisdiction when it is in the best interests of the child,

or Minn.Stat. § 518A.03, subd. 1(c)(2) (1980), which provides for the assumption of jurisdiction in cases of emergency. This appeal followed.

The determination of which court possesses primary jurisdiction to decide this custody dispute is controlled by the Uniform Child Custody Jurisdiction Act, Minn. Stat. §§ 518A.01–25 (1980). The U.C.C.J.A. provides that a court seeking to modify the custody decree of another state may do so only in the following two situations: (1) when the state in which the original decree was issued no longer has jurisdiction or (2) when the original state has declined to exercise jurisdiction. Minn.Stat. § 518A.14 (1980). Neither of these conditions is present in the instant case.

In the case at bar, the original custody decree was issued in North Dakota. However, when North Dakota no longer exercised jurisdiction, that decree was modified in Ohio in 1980. In fact, the Ohio court reaffirmed the award of custody of the minor children to their mother.

Of the two state courts now involved in this dispute, the Ohio court was the first to exercise jurisdiction over the matter and now enjoys continuing jurisdiction. It is therefore reasonable and wholly consistent with the purposes of the U.C.C.J.A., Minn. Stat. § 518A.01 (1980), that the Ohio court be the proper forum in which to resolve this dispute.

While we recognize that the Ohio court has primary jurisdiction, it is necessary to comment upon two matters of concern contained in the record. The father's request that Minnesota exercise jurisdiction is based upon this state's significant connection with the children and the location here of considerable evidence relating to the children's well-being. For example, after discovering the marks on the younger child's buttocks, the father took the child to a pediatrician who diagnosed the child had suffered a beating with a belt during a time when he was in the custody of the mother. That child was also diagnosed as having suffered emotional abuse. He is currently undergoing emotional therapy and speech therapy

in Minnesota. In addition, the older child has undergone testing here and is presently enrolled in nursery school in Minnesota.

Although a different procedural posture was developed in *In re Welfare of Mullins*, 298 N.W.2d 56, 62 (Minn.1980), we there noted with approval the presumption that a court exercising primary jurisdiction would not knowingly render a final decision in the absence of a complete record. We here presume that the Ohio court will, consistent with the policies embodied in the U.C.C. J.A., provide an opportunity for the consideration of all evidence relating to the custody question.

Our second consideration relates to informal information contained in the record to the effect that the Ohio courts no longer intend to exercise their primary jurisdiction. Such informal comments cannot serve as the basis for an exercise of jurisdiction by the courts of this state. Instead, Minn. Stat. § 518A.14 (1980) contemplates formal action by that state rejecting jurisdiction. Inasmuch as this court is unclear as to the present intention of the Ohio courts, the matter is remanded to the district court and the temporary custody shall remain with the father pending formal notification by the State of Ohio of its desire to exercise or decline to further exercise that jurisdiction.

Reversed and remanded with instructions.