**In re the Marriage of Delores Jean NOTERMANN, (Garrity), petitioner, Respondent,**

**v.**

**Ronald Raymond NOTERMANN, Appellant.**

**No. C6–84–1159.**

Court of Appeals of Minnesota.

Oct. 9, 1984.

Michael D. McCollum, Minneapolis, for respondent.

Ronald Raymond Notermann, pro se.

Considered and decided by FORSBERG, P.J., and SEDGWICK and LANSING, JJ., with oral argument waived.

## OPINION

LANSING, Judge.

Ronald Notermann appeals from a judgment of the district court dated April 23, 1984, providing for current child support for appellant's two youngest children and for arrearages in child support dating back to 1978. We reverse.

## FACTS

Respondent Delores Notermann (Garrity) and appellant Ronald Notermann were divorced pursuant to stipulation dated December 15, 1969, and judgment and decree dated December 24, 1969. The decree gave primary custody of the Notermanns' four children to the mother and ordered the father to pay $50 per month in child support for each child until the child became emancipated, died, or became self-supporting, whichever occurred first. In 1975 the children decided to live with their father. An amended judgment and decree, entered

pursuant to stipulation on August 21, 1975, changed custody from the mother to the father and required the mother to pay child support based on a sliding scale.

The children subsequently returned to live with the mother, but the amended decree was never changed. The father made payments of $220 per month through the end of 1978 and then made occasional payments of $200 or $300 until January 1982, when he stopped making any payments. The mother then brought a motion for arrearages in child support. A family court referee granted the motion, ordering payment of arrearages and ordering support until each child reaches 18.

### ISSUE

May appellant be compelled to pay retroactive post-decree child support?

### ANALYSIS

Under Minn.Stat. § 518.64, subd. 2 (Supp.1983), modification of an order that increases child support "shall not be made retroactive if the obligor has substantially complied with the previous order." The only order in effect here is the one dated August 21, 1975, under which the father had no obligation to pay child support. Because the father has substantially complied with the order, he may not be compelled to make retroactive post-decree support payments.

### DECISION

The trial court may not assess child support arrearages against appellant because he has not violated any previous child support order.

Reversed.