In re the Marriage of John Thomas
BRZINSKI, Petitioner, Respondent,

v.

Lee L. FREDERICKSON, f.k.a. Lee L.
Brzinski, Appellant.

No. C4–84–1760.

Court of Appeals of Minnesota.

April 2, 1985.

Ann C. Schulz, Wayzata, for respondent.

Thomas A. Janson, Schmitt, Johnson &
Marso, St. Cloud, for appellant.

Heard, considered and decided by FORS-
BERG, P.J., and PARKER and LANSING,
JJ.

## OPINION

PARKER, Judge.

This is an appeal from the trial court's
amended judgment and order. Respondent

husband moved to amend the child support and custody provisions of a judgment and decree entered in 1976. Appellant wife claims the trial court erred in ordering her to pay $200 per month child support and $2,800 in child support arrearages. We reverse in part, vacate in part, and remand.

## FACTS

The marriage of John Brzinski and Lee Frederickson (formerly Lee Brzinski) was dissolved in 1976. The judgment and decree, amended in 1978, granted Lee sole legal and physical custody of the parties' son, Todd, born June 27, 1970. John was ordered to pay child support in the amount of $100 per month.

In June 1983 Lee agreed to let Todd spend the summer with John. Todd continued to live with John when school started in September 1983.

In January 1984 John moved the court to amend the judgment and decree to grant him sole legal and physical custody of Todd and to grant him child support commencing June 1, 1983. At a hearing in February 1984 the trial court asked both parties to submit a statement of needs and a statement of earnings and bills.

The court filed an order in March 1984 granting John temporary physical custody of Todd and legal custody to both parties. The court further ordered the parties to submit the issue of custody to mediation. Finally, the court reversed all issues of current and/or past-due child support and ordered that neither party pay child support until further court order.

After mediation, the parties agreed that John should have sole legal custody of Todd. In July 1984 the trial court entered an amended judgment granting John sole custody of Todd and $200 per month child support. On the same day the trial court filed an order requiring Lee to pay $2,800 in child support arrearages. The $2,800 figure represents payments of $200 for each month from June 1983 through July 1984. No findings of fact accompanied the order.

In August 1984 Lee moved for a new trial or a more complete hearing or, in the alternative, for specific findings of fact regarding the issue of child support payments. During the hearing the trial court agreed to reconsider the affidavits received and to determine the justification for the amount of child support and child support arrearages ordered.

On October 2, 1984, Lee filed a notice of appeal from the amended judgment and order filed July 5, 1984. After the notice of appeal was filed, the trial court issued findings and an order amending the amount of child support arrearages and finding facts for the decision to order $200 per month child support.

## ISSUES

1. Did the trial court have jurisdiction to enter an order and findings after an appeal had been taken?

2. Did the trial court err in ordering Lee Frederickson to pay $2,800 in child support arrearages?

3. Did the trial court err in ordering Lee Frederickson to pay $200 per month child support?

## DISCUSSION

### I

Lee contends that the trial court's order and findings filed on October 11, 1984, have no effect because her notice of appeal was filed on October 2, 1984. An order entered after an appeal is taken is of no effect because jurisdiction shifts from the district court to the Court of Appeals once an appeal is perfected. *See Gummow v. Gummow,* 356 N.W.2d 426, 428 (Minn. Ct.App.1984) (citing *Evans v. Blesi,* 345 N.W.2d 775, 780 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. June 12, 1984)). Therefore, the trial court's post-appeal order amending the amount of child support arrearages is of no effect.

## II

Lee contends that in July 1984 the trial court improperly ordered her to pay retroactive child support for the months of June 1983 through July 1984. In March 1984 the court had ordered all child support payments suspended. Before the suspension of the payments, the order in effect directed John to pay $100 per month child support to Lee. Therefore, Lee had no obligation to pay child support under any prior order.

 Minn.Stat. § 518.64, subd. 2 (1984), provides that "[a] modification which increases support * * * shall not be made retroactive if the obligor has substantially complied with the previous order." A trial court may not assess child support arrearages against a party who has not violated any previous child support order. *See Notermann v. Notermann,* 355 N.W.2d 504, 505 (Minn.Ct.App.1984). Therefore, Lee cannot be ordered to pay child support arrearages.

## III

 Lee contends that the trial court erred by deviating upward from the child support guidelines and ordering her to pay $200 per month child support. No findings of fact accompanied the July 1984 order.

Minn.Stat. § 518.17, subd. 4 (1984), governs child support awards and provides that the court is to consider the needs and financial resources of both the children and the parents. The parties in this case submitted affidavits and supplemental affidavits regarding their income and the child's needs. The affidavits are presented in adversarial fashion, and the income figures are based on tax returns reflecting business deductions and losses. There is not enough information in the affidavits to enable this court to review the amount of support ordered, and no testimony was received on these issues. The record therefore requires remand for further proceedings. *See, e.g., Hadrava v. Hadrava,* 357 N.W.2d 376, 379 (Minn.Ct.App.1984).

We do not intend to preclude a support order of $200 per month should the trial court determine, after a hearing, that this is an appropriate amount.

## DECISION

We vacate the trial court's order setting the amount of child support at $200 per month and remand for a hearing. The order for payment of child support arrearages is reversed.

Reversed in part, vacated in part, and remanded.