**In re the Marriage of Wynnie Carlson SNOW, Petitioner-Respondent,**

v.

**Charles Robert SNOW, Appellant.**

**No. C8–85–346.**

Court of Appeals of Minnesota.

June 25, 1985.

Lois Paulson, Susan Ginsburg, Duluth, for petitioner-respondent.

Cecil Naatz, Marshall, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

POPOVICH, Chief Judge.

Appellant Charles Snow appeals from a trial court order which assumed jurisdiction to modify a South Dakota custody decree under the Uniform Child Custody Jurisdiction Act (UCCJA), Minn.Stat. ch. 518A. Charles claims the trial court does not have jurisdiction under the UCCJA. Respondent Wynnie Snow asserts the trial court's order assuming jurisdiction is nonappealable. We affirm.

## FACTS

The parties were married January 30, 1975. They have two children: Courtney Ann Snow and Malin Francis Snow. In March 1982, respondent initiated divorce proceedings in South Dakota. At that time, the entire family resided in South Dakota. In November 1982, respondent and the children moved to Minnesota. In February 1983, a Lyon County Court in Marshall, Minnesota issued a protective order restraining appellant from seeing his children until August 1983.

On February 23, 1984 pursuant to stipulation, the South Dakota court dissolved the parties' marriage and awarded custody of the children to respondent. The decree stated the South Dakota court "shall retain jurisdiction of the parties and the minor children regarding future visitation privileges."

In summer 1984, respondent and the children moved from Marshall, Minnesota to Duluth, Minnesota. Respondent did not tell appellant of the move. Appellant located respondent in September 1984 and obtained an ex parte order from the South Dakota court which scheduled a custody hearing and ordered respondent to immediately deliver the children to a South Dakota welfare agency.

Respondent then moved the district court in Duluth to assert jurisdiction under the UCCJA and make a visitation determination. After a hearing, the district court concluded it had jurisdiction under the UCCJA. The district court concluded there was no pending action in South Dakota because the South Dakota order did not comply with the notice and hearing requirements of applicable federal and state laws. The district court did not communicate with the South Dakota court before assuming jurisdiction of this matter and enjoined ei-

ther party from moving the children from Duluth pending resolution of this matter on the merits.

## ISSUES

1. Is an order assuming jurisdiction to modify another state's custody decree under the UCCJA appealable?

2. Does the trial court have jurisdiction to modify the South Dakota decree?

## ANALYSIS

■ 1. Respondent claims an order assuming jurisdiction under the UCCJA is not appealable citing Minn.R.Civ.App.P. 103.03. However:

> An order granting or denying a pretrial motion to dismiss for lack of jurisdiction is appealable of right.

*Miller v. City of St. Paul,* 363 N.W.2d 806, 809 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. Apr. 26, 1985); *see Hunt v. Nevada State Bank,* 285 Minn. 77, 88–89, 172 N.W.2d 292, 299–300 (1969), *cert. denied,* 397 U.S. 1010, 90 S.Ct. 1239, 25 L.Ed.2d 423 (1970); *see also Landa v. Norris,* 313 N.W.2d 423, 423 (Minn.1981). The trial court's order is appealable.

2. Appellant claims the trial court does not have jurisdiction to modify the South Dakota decree. Modification of another state's custody decree is governed by the Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A, and the Uniform Child Custody Jurisdiction Act, Minn.Stat. ch. 518A; S.D. Codified Laws Ann. ch. 26–5A.

■ The trial court correctly asserted jurisdiction in this matter. *See* Minn.Stat. § 518A.14 (1984). Respondent and the two children have resided in Minnesota since 1982 making Minnesota the home state. *See* 28 U.S.C. § 1738A(b)(4); Minn.Stat. § 518A.02(e) (1984). The district court also found that respondent and the children have a significant connection with Minnesota and that there is substantial evidence in Minnesota concerning the children's care, protection and personal relationships. *See* 28 U.S.C. § 1738A(c)(2)(B); Minn.Stat. § 518A.03, subd. 1(b) (1984). These factors are relevant in determining

which state had jurisdiction. *See* 28 U.S.C. § 1738A(c); Minn.Stat. § 518A.03, subd. 1 (1984).

■ The district court also determined there was not an action pending in the South Dakota court because the September 1984 order to show cause transferred custody of the children to a South Dakota welfare agency without complying with the notice provisions of the Parental Kidnapping Prevention Act. The Act provides:

> Before a child custody determination is made, reasonable notice and opportunity to be heard shall be given to the contestants, any parent whose parental rights have not been previously terminated and any person who has physical custody of a child.

28 U.S.C. § 1738A(e). A child custody determination includes temporary custody orders. *See* 28 U.S.C. § 1738A(b)(3). These requirements are also included in the UCCJA. *See* S.D. Codified Laws §§ 26–5A–4, 26–5A–2(2), (4); Minn.Stat. §§ 518A.04, 518A.02(b), (d) (1984).

■ The trial court correctly determined the South Dakota court no longer had jurisdiction in this matter because the South Dakota court was not proceeding according to applicable federal and state law. Moreover, the trial court correctly determined it had jurisdiction as the home state of the children with substantial evidence regarding their future care. As stated by the Minnesota Supreme Court in *In re Welfare of Mullins,* 298 N.W.2d 56 (Minn.1980):

> The issuance of a divorce decree governing custody in one state followed by the move of the custodial parent to another state results in the new place of residence becoming the child's "home state" for the purposes of the Act [UCCJA].

*Id.* at 59. The trial court properly assumed jurisdiction in this matter.

■ 3. Appellant also claims the trial court erred by not considering the fact that respondent secretly moved to Duluth when assuming jurisdiction. *See* Minn.Stat. § 518A.08 (1984). Section 518A.08 is discretionary and does not supersede the best interests of the children. *See* Minn.Stat. § 518A.01, subd. 1(a) (1984).

4. Appellant also claims the trial court's order should be reversed because it failed to directly contact the South Dakota court as required by Minn.Stat. § 518A.06 (1984). Although the trial court correctly determined the South Dakota court did not have jurisdiction in this matter, it would have been preferable to have communicated with the South Dakota Court. One of the main purposes of the UCCJA is:

> to promote cooperation with the courts of other states so that a custody decree is rendered in the state which can best decide the case in the best interest of the child * * *.

Minn.Stat. § 518A.01, subd. 1(a) (1984). The district court has subject matter jurisdiction over this proceeding.

## DECISION

The trial court's order assuming jurisdiction under the UCCJA was appealable of right. The trial court correctly assumed jurisdiction in this matter.

Affirmed.