Werner E. SCHOEBERLEIN,
Petitioner, Appellant,

v.

Jeanee ROHLFING, f.k.a. Jeanee
Schoeberlein, Respondent.

No. C6–85–2094.

Court of Appeals of Minnesota.

March 11, 1986.

James C. Lundquist, Randall Holbrook, Hyatt Legal Services, Maplewood, for appellant.

Jeanee Rohlfing, pro se.

Considered and decided by RANDALL, P.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

RANDALL, Judge.

Respondent, Jeanee Rohlfing, was awarded custody of the parties' two chil-

dren in a Florida divorce decree after a summer visitation. Appellant, Werner Schoeberlein, petitioned the Minnesota district court to grant him custody of the children, claiming that an emergency existed. Respondent, a Florida resident, appeared through her attorney only to contest jurisdiction. The trial court dismissed appellant's petition for lack of jurisdiction under the Uniform Child Custody Jurisdiction Act, Minn.Stat. § 518A (1984) but later granted a temporary restraining order prohibiting respondent from removing the children from appellant's custody pending this appeal.

Appellant appeals from the order dismissing his custody motion for lack of jurisdiction. Respondent's attorney has withdrawn his representation, Respondent has not filed a brief, and this appeal is proceeding under Minn.R.Civ.App.P. 142.03. We affirm the dismissal for lack of jurisdiction and vacate the temporary restraining order.

## FACTS

The parties were married in Florida in 1968. They resided in Florida and were divorced there in 1975. Respondent was awarded sole custody of the children, the daughter born July 15, 1969, the son born October 11, 1972. Sometime later appellant moved to Minnesota, and he has lived here for several years. In 1982, appellant appeared in Florida and obtained from the court a modification of visitation permitting him to visit the children during their summer vacations. Respondent remained in Florida until sometime in December, 1984, when she and the children went to Texas. Respondent apparently returned to Florida in July, 1985. On or before June 2, 1985, the children left Texas for summer visitation with appellant in Minnesota. At the time of the trial court's hearing on September 25, 1985, the children remained with appellant in Minnesota. Also at that time a contempt motion, based on appellant's refusal to return the children, was pending in Florida, scheduled for hearing on October 3.

An *ex parte* temporary restraining order prohibiting respondent or anyone acting on her behalf from removing the children from the custody of appellant pending appeal was signed by a different trial court judge on November 14, 1985, *after* the notice of appeal was filed. An affidavit of appellant's attorney of the same date states that he "has been informed that Ms. Rohlfing has secured a Florida order ordering return of [the children] to her custody." Appellant provided no copy of this Florida order in the record.

Appellant and respondent's sister allege that respondent verbally and physically abused the children while in Texas. Appellant states that the children have told him that they wish to live with him. The record does not reflect respondent's side of the story.

## ISSUES

1. Did the trial court properly issue the temporary restraining order prohibiting removal of the children from appellant's custody after the notice of appeal had been filed?

2. Does Minnesota have jurisdiction under the Uniform Child Custody Jurisdiction Act and the federal Parental Kidnapping Prevention Act?

## ANALYSIS

### I.

*Validity of the temporary restraining order.*

The notice of appeal was filed November 8, 1985. The trial court issued the *ex parte* temporary restraining order (TRO) November 14. We hold that the trial court was without jurisdiction to issue the order and we vacate the temporary restraining order signed November 14.

Minn.R.Civ.App.P. 108.03 permits trial courts, pending appeal, to "proceed upon any other matter included in the action and *not affected by the * * * order from which the appeal is taken.*" (emphasis added). Here, the TRO was affected by

the order appealed from. The trial court had no jurisdiction to issue the TRO.

Even if the TRO was in effect a stay, it was improper. Appellant did not file a supersedeas bond,[1] and even if he had, it could not have stayed the trial court's order.

> Rule 62.03, Rules of Civil Procedure, permits a stay only when authorized by Rules 107 and 108, Rules of Civil Appellate Procedure. There is nothing in the rules which suggests that a custody order is affected by the filing of a bond on appeal. Were the rule otherwise, in many cases, including this one, it would be detrimental to the interests of the children to wait until appellate procedures had run their course. For the future guidance of the bench and bar, we therefore point out that orders changing the custody of children are not affected by supersedeas or cost bonds but are to take effect at whatever date the trial court specified.

*Petersen v. Petersen*, 296 Minn. 147, 149, 206 N.W.2d 658, 659–60 (1973). An appellant cannot obtain relief from a trial court's order merely by appealing and filing a bond. Even if a stay were permitted, staying the trial court's order could not have resulted in temporary custody with appellant. The order appealed from was an order of dismissal for lack of jurisdiction. If the order took no effect pending appeal, there would have existed just a petition for child custody. No orders of any kind concerning child custody were made before the dismissal.

## II.

*Jurisdiction under the Uniform Child Custody Jurisdiction Act and the Parental Kidnapping Prevention Act*

We initially note that the order is appealable. *Miller v. City of St. Paul*, 363 N.W.2d 806, 809 (Minn.Ct.App.1985) (citation omitted), *pet. for rev. denied* (Minn. Apr. 26, 1985) ("An order granting or deny-

ing a pretrial motion to dismiss for lack of jurisdiction is appealable of right.")

One of the purposes of Minn.Stat. § 518A (1984) is "to assure informed decision making by *restricting choice of forum* to only those possessing optimum access to information about the child." *In Re Mullins*, 298 N.W.2d 56, 60 (Minn.1980) (emphasis added). Another purpose is "[t]o deter abductions and other unilateral removals of children undertaken to obtain custody awards." Minn.Stat. § 518A.01, subd. 1(b). The drafters of the Uniform Child Custody Jurisdiction Act (UCCJA) sought to discourage failure to return children after visitation. 9 Uniform Laws Annotated, Commissioner's Prefatory Note, Uniform Child Custody Jurisdiction Act 111, 112 (West 1979). Jurisdiction is also governed by the Parental Kidnapping Prevention Act, 28 U.S.C.A. § 1738A (Supp.IV 1980). *Snow v. Snow*, 369 N.W.2d 581, 583 (Minn.Ct.App.1985).

■ Minnesota does not have emergency jurisdiction, as appellant claims. Section 518A.03, subd. 1(c) allows emergency jurisdiction if

> the child is physically present in this state and (1) the child has been abandoned or (2) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent.

*See also* 28 U.S.C. § 1738A(c)(2)(C) (substantially equivalent to § 518A.03). The children were physically present in the state at the time of the hearing. The allegations of abuse which appellant claims amount to an emergency were stated in his affidavit and an affidavit of respondent's sister, who lives in Texas and observed respondent and the children there. The trial court accurately summarized the specific allegations as follows:

> a) Respondent verbally abused the children by yelling and screaming at them;

---

**1.** Schoeberlein did file a cost bond.

b) Respondent physically abuses these 13 and 16 year old children by striking them with a belt;

c) Respondent fails to have the children regularly examined by a medical doctor (there is no allegation that either child suffers from a specific medical problem);

d) Respondent has failed to have Vanessa examined by an optometrist (it appears to Petitioner that she may be in need of eyeglasses);

e) Respondent failed to call Vanessa on her birthday;

f) Respondent is an inadequate parent due to emotional instability.

Other specific allegations are inadmissible hearsay or are not based on personal knowledge. The trial court characterized these allegations as "broad and perhaps exaggerated," and found that they failed to meet the statutory standard of emergency. We affirm. The allegations, although serious, relate to past conduct toward the children and not to the present. There was no showing of a present danger to the children if appellant is restricted to his remedies in Florida courts.

In *Landa v. Norris*, 313 N.W.2d 423 (Minn.1981) the court reversed the trial court's assumption of jurisdiction due to an emergency and under § 518A.03, subd. 1(b). North Dakota, the state which issued the original custody order, had lost jurisdiction. Ohio then validly modified the custody judgment, with full participation of the Minnesota resident noncustodial father. The father discovered evidence that the child had been beaten with a belt, and failed to return the child to his mother in Ohio after his visitation period ended. The court reversed, holding that Ohio had primary jurisdiction because "Ohio was the first to exercise jurisdiction over the matter and now enjoys continuing jurisdiction," and because Ohio jurisdiction was consistent with the purposes of the UCCJA. *Id.* at 424. Even a pediatrician's diagnosis of beating with a belt did not allow Minnesota to assert jurisdiction.

Here, as in *Landa*, Florida exercised jurisdiction prior to Minnesota when it modified its own custody decree in 1982 and when it issued the original decree. The trial court's dismissal was entirely consistent with *Landa*. Another factor supporting jurisdiction here, which was not present in *Landa*, is that here Florida made the original custody decree.

We do not take lightly appellant's allegations of abuse, but we are satisfied that Florida provides an adequate forum in which to litigate his claims. Minnesota courts presume that "a court exercising primary jurisdiction would not knowingly render a final decision in the absence of a complete record." *Landa*, 313 N.W.2d at 425 (citation omitted). The UCCJA provides mechanisms for obtaining evidence from Minnesota concerning appellant's care of the children. *See* UCCJA §§ 18–22.

The trial court held that § 518A.14, subd. 1, prevented Minnesota from assuming jurisdiction.

If a court of another state has made a custody decree, a court of this state shall not modify that decree unless (1) it appears to the court of this state that the court which rendered the decree does not now have jurisdiction under jurisdictional prerequisites substantially in accordance with sections 518A.01 to 518A.25 or has declined to assume jurisdiction to modify the decree and (2) the court of this state has jurisdiction.

Minn.Stat. § 518A.14, subd. 1. While this section does not strictly concern jurisdiction, it does limit the relief a trial court can grant. The trial court appropriately considered this section.

■ Florida rendered the original decree, so we turn to the issue of whether or not Florida has jurisdiction. Florida has enacted the UCCJA with no substantive changes. Fla.Stat. §§ 61.1302–.1348 (1985). We hold that Florida has jurisdiction under Fla.Stat. § 61.1308(1)(a). Florida has jurisdiction if it

(1) is the home state of the child at the time of commencement of the proceeding, or (2) had been the child's home state within six months before com-

mencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state. *Id.* "Home state" is defined in Fla.Stat. § 61.1306(5):

> "Home state" means the state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting as parent, for at least six consecutive months, or in the case of a child less than six months old, the State in which the child lived from birth with any of the persons mentioned. Periods of temporary absence of any of the named persons are counted as part of the six-month or other period.

Minnesota cannot be the children's home state because at the time of the hearing they had been in Minnesota less than six months. Appellant claims that Florida cannot be the children's home state because the children lived in Texas for several months before they came to Minnesota.

First, we note that the record does not show that the children lived in Texas for a full six months. The trial court found that respondent and the children went to Texas sometime in December, 1984. The evidence indicates that the children left Texas no later than June 2, 1985, and therefore they lived in Texas a maximum of six months, and probably less than six months unless they arrived in Texas on December 1st. Therefore, Texas may not necessarily be the children's home state. Second, we agree with the trial court's characterization of Florida as the children's primary place of residence. Respondent returned to Florida in July, 1985, and it would be there that children in her custody would reside. The definition of "home state" supports the trial court's conclusion: "Periods of temporary absence are counted as part of the six-month * * * period." *Id.* The trial court had discretion to reject appellant's

claim that respondent's stay in Texas was permanent because respondent allegedly obtained employment and rented an apartment there.[2] Florida was the home state, and has jurisdiction under Fla.Stat. § 61.-1308(1)(a).

We hold that Florida also has jurisdiction under Fla.Stat. § 61.1308(1)(b), which permits jurisdiction if

> It is in the best interest of the child that a court of this state assume jurisdiction because:
>
> 1. The child and his parents, or the child and at least one contestant, have a significant connection with this state, and
>
> 2. There is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships.

There is substantial evidence concerning the children's future care in Florida because respondent lives in Florida. The children's connections with Florida are significant because, as the trial court found, they have lived there with their mother nearly all their lives, attended school there for many years, and their maternal grandparents live there.

Because Florida has jurisdiction and has not declined to assert it, Minnesota has no jurisdiction to modify the original custody decree. Minn.Stat. § 518A.14, subd. 1.

■ Appellant also contends that Minnesota has jurisdiction under Minn.Stat. § 518A.03, subd. 1(b). Appellant wrongly characterizes this provision as allowing jurisdiction if it is in the best interests of the children. The statute states that the best interests must be due to the children having a significant connection to Minnesota *and* substantial evidence existing in Minnesota. *See Allen v. Allen,* 64 Hawaii 553, 645 P.2d 300, 306 (1982). Florida is the state with the most significant connection to the children and with the most available evidence of the children's care, as discussed

---

**2.** No affiant with personal knowledge states that Rohlfing was employed in Texas. Rohlfing's sister, a Texas resident, indicates that Rohlfing

and the children initially stayed with her, but later moved to their own apartment.

above. The children's contacts with Minnesota are limited to summer visitation, and the present contact is due solely to appellant's attempt to keep them in this state.

■ The trial court correctly cited Minn. Stat. § 518A.08 in support of its decision.

Subdivision 1. If the petitioner for an initial decree has wrongfully taken the child from another state or has engaged in similar reprehensible conduct the court may decline to exercise jurisdiction if this is just and proper under the circumstances.

Subdivision 2. Unless required in the interest of the child, the court shall not exercise its jurisdiction to modify a custody decree of another state if the petitioner, without consent of the person entitled to custody, has improperly removed the child from the physical custody of the person entitled to custody or has *improperly retained the child after a visit* or other temporary relinquishment of physical custody.

Minn.Stat. § 518A.08 (emphasis added). The provision does not require a court to decline jurisdiction where there is parental misconduct, but it does provide a basis for declining jurisdiction. Appellant improperly retained the children after his visitation period ended. In light of the purposes of the UCCJA, the trial court did not err in declining jurisdiction on this basis.

### DECISION

The temporary restraining order of November 14, 1985, is vacated. The trial court properly dismissed for lack of jurisdiction under the UCCJA.

Affirmed.