**In re the Marriage of Anita K. THESING, Petitioner, Respondent,**

v.

**Steven P. THESING, Appellant.**

**No. C7–86–56.**

Court of Appeals of Minnesota.

July 22, 1986.

Marianne M. Milloy, Brainerd, for respondent.

John P. Guzik, Lawrence D. Olson & Associates, Roseville, for appellant.

Heard, considered, and decided by LESLIE, P.J., and FOLEY and WOZNIAK, JJ.

## OPINION

LESLIE, Judge.

Steven P. Thesing appeals from a judgment and decree and an amended judgment and decree awarding respondent Anita K. Thesing sole custody, reserving the issue of spousal maintenance, ordering appellant to pay marital debts and child support, and failing to grant appellant any of the tax exemptions for the three minor children. We remand for further findings.

## FACTS

The parties were married in March 1975, and the marriage was dissolved on October 11, 1985. The parties had three children, ages nine, seven, and three at the time of dissolution. Appellant was age twenty-nine at that time, and a high school graduate with five months of vocational school. He was employed full-time as a maintenance director with a gross monthly income of $1,213.33 and a net monthly income of approximately $941.64. Appellant estimated his monthly living expenses at approximately $953. Respondent was age twenty-nine and a high school graduate with part-time experience as a caretaker of an apartment for a four-month period during the marriage. From 1979 to the present, re-

spondent has worked full-time as a waitress and a retail clerk. She has a gross monthly income of approximately $815.77 and a net monthly income of approximately $657.26. She estimated the monthly living expenses for her and the children to be $875.00.

By order dated April 1, 1985, the trial court granted both parties temporary joint custody of the children and ordered that neither respondent nor appellant be excluded from the homestead. The court ordered appellant to pay all bills and monthly expenses for the family as they became due. Furthermore, the court ordered the parties to restrain from committing "any acts of domestic abuse, including annoying, molesting, causing bodily harm, injury or assault, or causing immediate fear of physical harm, injury or assault." On June 4, 1985, the court found, based upon affidavits and oral testimony of both parties, that appellant "pursued an intentional and persistent course of harassment" upon respondent, and that appellant was in contempt of court. The trial court ordered appellant to pay $500 in temporary maintenance and support.

On the day of trial, both parties stipulated that respondent would have physical custody and that respondent and appellant would have joint legal custody. The trial court granted respondent custody of the children (without distinguishing between legal and physical), ordered child support in accordance with the guidelines, ordered appellant to pay two outstanding bills, and reserved the issue of maintenance. The court ordered that the parties' homestead be listed for sale at the fair market value of $39,000 and that the proceeds be divided equally after satisfying the underlying mortgage of $3,039.51 and after paying sale costs. The court also ordered appellant to pay $100 for the value of tires on respondent's car that appellant admittedly slashed. The court refused to grant appellant the right to claim the children as dependents for federal and state income tax purposes. Finally, the court refused to grant either party attorney's fees.

## ISSUES

1. Did the trial court abuse its discretion by awarding respondent sole custody?

2. Did the trial court abuse its discretion by reserving the issue of spousal maintenance?

3. Did the trial court abuse its discretion by ordering appellant to pay marital debts?

4. Did the trial court abuse its discretion by awarding child support in accordance with the guidelines?

5. Did the trial court abuse its discretion by refusing to grant appellant any of the tax exemptions for the three minor children?

## ANALYSIS

1. Appellant argues that the trial court abused its discretion in awarding respondent sole legal and physical custody where the parties had stipulated to joint legal custody. Appellant claims that the trial court failed to give any weight to the stipulation.

With regard to the validity of a custody stipulation, the supreme court has stated as follows:

> Although considerable weight is given to stipulations intelligently entered with the benefit of counsel, * * * in determining questions of custody the paramount issue remains the welfare and best interests of the children. The court must in every case exercise an independent judgment and is not bound by the stipulation.

*Petersen v. Petersen*, 296 Minn. 147, 148, 206 N.W.2d 658, 659 (1973). When determining the issue of custody, Minn.Stat. § 518.17, subd. 1, 2 (1984) requires the trial court to consider the best interests of the children, the ability of parents to cooperate in child rearing, the methods for resolving disputes concerning the children, and whether it would be detrimental to the children if one parent were to have sole authority over their upbringing.

Because the trial court did not give reasons for its failure to incorporate the stipu-

lation and award joint legal custody, we are unable to determine whether the court considered the factors listed in Minn.Stat. § 518.17. We therefore remand this issue to the trial court for further findings. *See Moylan v. Moylan,* 384 N.W.2d 859 (Minn. 1986).

2. Appellant next argues that the trial court abused its discretion in reserving the issue of spousal maintenance. *See* Minn. Stat. § 518.55, subd. 1 (1984). Although appellant admits that the court has broad discretion in awarding spousal maintenance, he argues that reserving the issue was inappropriate here.

Both parties are currently employed full-time. Both are high school graduates, and appellant attended a vocational school for five months. Appellant's income is higher than respondent's income, and respondent works two part-time jobs to support her and the three minor children. Respondent was not employed outside the home for the first five years of the marriage except as a caretaker for a four-month period.

We remand to enable the trial court to consider in light of these facts whether it is appropriate to reserve spousal maintenance in this case.

3. Appellant also contests the trial court's failure to order that the parties' marital debts be paid out of proceeds from sale of the homestead. The outstanding obligations at the time of trial included the first mortgage encumbrance against the homestead ($3,039.41), the consolidation note for satisfaction of the parties' joint marital debts ($2,368.35), and a dental bill ($487.50). The court ordered that the mortgage be paid out of proceeds from sale of the homestead. The court assigned to appellant the note and dental bill. Appellant argues that all of the marital debts should be paid with the substantial proceeds available from sale of the homestead. Appellant speculates that the trial court considered marital misconduct.

Respondent argues that there was no abuse of discretion because appellant earns a higher income for his household of one, appellant did not begin paying support un-til after he was found to be in contempt of court, and respondent incurred extensive attorney's fees in bringing two motions to hold appellant in contempt.

Minn.Stat. § 518.58 (1984) requires that the court make "a just and equitable division of the marital property of the parties without regard to marital misconduct * *." Counsel for respondent admitted at trial that the debts at issue here were in fact joint marital debts to be paid out of sale of the home. We remand this issue to the trial court to ensure that the court did not consider marital misconduct in assigning joint marital debts to appellant.

4. Appellant next argues that the trial court abused its discretion in failing to consider the factors set forth in Minn.Stat. § 518.17, subd. 4 (1984) when setting child support. The court set child support at $324 per month in accordance with the guidelines. Appellant asserts that a downward deviation from the guidelines would be appropriate here.

Minn.Stat. § 518.17, subd. 4 instructs the trial court to consider the financial resources and needs of the children and the custodial and noncustodial parents, the standard of living the children would have enjoyed in the marriage, the physical and emotional condition of the children, and the children's educational needs. The court is precluded from considering marital misconduct under the statute.

Although the trial court applied the guidelines, it is unclear from the findings whether the trial court considered all of the statutory factors. We therefore remand for further findings in accord with *Moylan,* 384 N.W.2d at 863.

5. Appellant's final argument is that the court abused its discretion in failing to award him any of the tax exemptions for the three minor children. Appellant claims that respondent's net monthly income including child support will exceed her expenses and that therefore appellant should be entitled to claim at least some of the children as dependents for tax exemptions.

The federal Internal Revenue Code recently has been amended to automatically allocate the exemption to the custodial parent unless he or she signs a waiver that the noncustodial parent attaches to his or her tax return. I.R.C. § 152(e) (West Supp. 1986). It is permissible, however, for the trial court to allocate exemptions to the noncustodial parent. *Fudenberg v. Molstad*, 390 N.W.2d 19 (Minn.Ct.App.1986). We remand this issue for the trial court's consideration.

## DECISION

We remand this case to the trial court on all issues for further findings.

Remanded.