**STATE of Minnesota, COUNTY OF SWIFT, ex rel. Mary Jane Koosmann STREED, Petitioner, Appellant,**

v.

**Konrad Sieghart KOOSMANN, Respondent.**

**No. C8–86–1071.**

Court of Appeals of Minnesota.

Dec. 16, 1986.

John W. Riches, II, Swift Co. Atty., Benson, for petitioner, appellant.

Richard Hilleren, Barnard, Hilleren & Spates, Benson, for respondent.

Considered and decided by CRIPPEN, P.J., and LANSING and LESLIE, JJ., with oral argument waived.

### OPINION

LANSING, Judge.

Mary Jane Streed appeals from the trial court judgment entered May 29, 1986, offsetting in full the parties' child support obligations against each other. We remand.

### FACTS

The marriage of Konrad Koosmann and Mary Jane Streed was dissolved by order of Swift County Court on October 29, 1975. Streed was granted custody of the parties' two children, TMK, born April 20, 1967, and MAK, born December 15, 1970. Koosmann was granted reasonable visitation and was ordered to pay child support.

Koosmann was twice determined to be delinquent in child support payments. On May 1, 1979, his arrearages were determined to be $5,125 and on October 25, 1983, arrearages were determined to be $4,795. In 1983 he was ordered to pay $35 monthly as payment on the arrearage in addition to his $300 child support obligation. Koosmann did not appeal the judgments assessing arrearages.

In September 1984 Koosmann unilaterally reduced his child support payments. On November 1, 1984, MAK went to live with Koosmann at Streed's request. She has remained with Koosmann since that time by mutual agreement of the parties. From September 1984 until TMK's eighteenth birthday in April 1985, Koosmann's payments for TMK's support plus arrearages averaged $185 per month. After TMK's eighteenth birthday, Koosmann paid only $35 per month. The parties stipulated that Koosmann was in arrears $4,880. This amount does not include any support obligation for MAK after she began living with Koosmann.

On January 15, 1986, the Swift County Attorney moved on Streed's behalf to determine Koosmann's arrearages and to establish a monthly payment amount. Koosmann moved for custody of MAK and requested the court "sequester" his arrearages against Streed's future child support obligation.

The parties stipulated to the transfer of MAK's custody to Koosmann, that Streed's child support obligation was $36 per month, and that Koosmann's arrearages were $4,880. The parties also stipulated that the following issues were before the court for decision: (1) the date on which Streed's support obligation commenced; (2) the monthly payment amount for Koosmann's arrearages; and (3) whether Streed's support obligation should be offset against Koosmann's arrearages.

After a hearing, the trial court found that (1) Koosmann had existing child support arrearages of $4,880; (2) physical custody of MAK was transferred from Streed to Koosmann because of "problems in the household" of Streed; (3) MAK and Koosmann now receive counseling as a result of those problems; (4) the best interests and welfare of MAK require granting custody to Koosmann; and (5) "evidence of inadequate parenting" by Streed justifies "not requiring [Koosmann] to make further child support payments for the period of time during which MAK was in the custody of * * Streed." The court made no findings on Streed's child support obligation.

The court then transferred legal and physical custody of MAK to Koosmann, established structured visitation between Streed and MAK, and denied Koosmann's motion for attorney's fees. Paragraph three of the order addressed the issue of child support:

3. That child support requirements for payment by [Koosmann] of the arrearage accumulated herein and for payment by [Streed] for support of [MAK] from and after the date on which physical custody was transferred to [Koosmann] shall be offset against each other in full; and neither party shall be required to pay child support to the other hereafter until [MAK] attains the age of 18 years or until further Order of this Court.

## ISSUE

Did the trial court abuse its discretion in offsetting the parties' child support obligations against each other in full?

## ANALYSIS

Streed does not appeal the transfer of MAK's custody to Koosmann or the amount of Koosmann's child support arrearages ($4,880), but contends the court erred in offsetting the parties' child support obligations against each other in full.

■ The factual basis for the court's offset is unclear. Although the court makes no finding of an amount which Streed must pay Koosmann for support of MAK, it states the obligation commences when MAK moved to Koosmann's home. Child support may not be assessed retroactively against a person who has not violated any

previous child support order. *Notermann v. Notermann,* 355 N.W.2d 504, 505 (Minn. Ct.App.1984), *pet. for rev. denied,* (Minn. Feb. 6, 1985). Streed's support obligation should commence on May 24, 1986, the date judgment was entered.

■ In allowing the offset in full, the order implies that the parties' respective child support obligations are equal, but provides no basis for that conclusion. The parties stipulated that Streed's child support obligation would be $36 per month. Although a stipulated child support amount does not bind the court, *see Petersen v. Petersen,* 296 Minn. 147, 148–49, 206 N.W.2d 658, 659 (1973), this is also the amount provided by the guidelines. In order to equal Koosmann's arrearages of $4,880, Streed's monthly child support obligation would have to be set at $152.50 from the date of judgment until MAK's eighteenth birthday. This amount would be an upward deviation of $116.50 from the guidelines amount of $36. The findings are insufficient to support this deviation:

> If a trial court gives no findings as to the basis for a child support award, the court's judgment will be without foundation. We therefore require that in all child support cases not involving public assistance, the trial court must make specific findings of fact as to the factors it considered in formulating the award.

*Moylan v. Moylan,* 384 N.W.2d 859, 863 (Minn.1986). We therefore remand for further findings on the factors specified in Minn.Stat. § 518.17, subd. 4 (1984), and, if necessary, further proceedings.

We also note that the trial court found that Streed was an inadequate parent. MAK stated that before she left Streed's home, she was sexually abused by TMK and her stepfather. The abuse was reported to the police, who investigated, but the record does not disclose if criminal or neglect proceedings were initiated. MAK, Koosmann, and his current spouse now receive counseling because of this abuse. While parental inadequacy is a proper consideration in awarding child custody, it is not relevant in determining Streed's child

support obligation. On remand, only those factors that reasonably relate to child support may be considered.

MAK's need for counseling as a result of occurrences at Streed's home may be relevant to Streed's child support obligation. However, the findings should specifically consider MAK's emotional needs, including how long the counseling is expected to continue, how often MAK receives counseling, and the after-insurance cost of the counseling. Koosmann's and his current spouse's counseling expenses are not relevant to a determination of Streed's child support obligation.

### DECISION

The trial court erred in offsetting Koosmann's arrearages in full against Streed's child support obligation without setting Streed's child support amount and making the necessary findings to justify an upward departure from the guidelines.

Remanded.