In re the Marriage of Nancy Ann
SUMNER, petitioner, Respondent,

v.

John Paul SUMNER, Appellant.

No. C3–84–258.

Court of Appeals of Minnesota.

Aug. 21, 1984.

Edward Galbraith, Minneapolis, for appellant.

Loren Heinemann, Buffalo, for respondent.

Heard, considered and decided by POPOVICH, C.J., and NIERENGARTEN and RANDALL, JJ.

## OPINION

NIERENGARTEN, Judge.

Appellant John Sumner appeals from an order refusing to modify findings which divided the physical custody of the parties' eight-year-old son. We reverse and remand for findings.

## FACTS

John and Nancy Sumner were divorced in May 1981, with the dissolution decree providing for joint legal and physical custody of the parties' son.

Both parties have remarried and Nancy has moved to Pittsburgh. She sought sole custody and the permission of the trial court to remove her son from Minnesota. After a lengthy hearing, the trial court modified the physical custody arrangement by order dated October 25, 1983. The child lived with John for the 1983–84 school year and with his mother in Pittsburgh for five weeks during the summer. The balance of the summer of 1984 will be spent with his father in Minnesota and he is to be returned to Pittsburgh one week before school starts for the school year. After school ends in 1985, he will live with his father for five weeks, then spend the balance of the summer with his mother until an August 1985 custody review hearing before the trial court.

The parent with whom the child is not living may exercise visitation on alternate weekends, one weeknight every other week, and half of Christmas and Easter vacations. Nancy was ordered to pay the transportation expenses for John to visit his son in Pittsburgh one weekend per month during the 1984–85 school year.

No amended judgment was entered from the court's October 25, 1983, order. On January 13, 1984, the trial court denied cross-motions to modify the order and John appealed.

## ISSUES

1. Has a proper appeal been perfected?

2. Did the trial court properly modify joint physical custody of the parties' eight-year-old child?

3. May Nancy seek review of the trial court's allocation of transportation expenses in the absence of a notice of review?

## ANALYSIS

■ 1. An order denying amended findings is non-appealable. *Kempf v. Kempf,* 287 Minn. 529, 177 N.W.2d 40 (1970). The order of January 13, 1984, from which appeal is taken, denied motions to amend the October 25, 1983, order. The October order was a post-decree modification of custody and the clerk of court should have entered an amended judgment. *Kirby v. Kirby,* 348 N.W.2d 392, 393–94 (Minn.Ct.App. 1984).

■ An amended judgment was finally entered on June 22, 1984. No appeal was taken from the order for amended judgment or the amended judgment itself. However, because the parties could simply file a new appeal from the amended judgment were this appeal dismissed, we extend discretionary review.

■ 2. The legislature has articulated the standard to be applied where one parent seeks modification of the custody established by prior decree:

(d) If the court has jurisdiction to determine child custody matters, the court shall not modify a prior custody order unless it finds, upon the basis of facts that have arisen since the prior order or that were unknown to the court at the time of the prior order, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. In applying these standards the court shall retain the custodian established by the prior order unless:

\* \* \* \* \* \*

(iii) The child's present environment endangers his physical or emotional health or impairs his emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

Minn.Stat. § 518.18(d) (1982). The statute reflects a preference for retaining the established custodian unless the child is presently endangered and the benefits of change outweigh the harm of disruption. *Auge v. Auge*, 334 N.W.2d 393 (Minn.1983). The burden is on the party seeking modification of the present custody arrangement to satisfy the statutory requisites. *State ex rel. Gunderson v. Preuss*, 336 N.W.2d 546, 547 (Minn.1983). Unlike the Supreme Court in *Auge*, the trial court was not presented with the request of a sole custodial parent to move out of state. *Auge* did not resolve the application of any presumption for removal to cases of joint custody. *Auge*, 334 N.W.2d at 396, n. 2. We hold that where one parent with joint physical custody seeks to modify the custody so that the other parent will no longer have joint physical custody, the parent seeking modification must meet the statutory burden.

■ The trial judge found that alternating school years between Minnesota and Pittsburgh was in the child's best interests. The move of Nancy to Pittsburgh is clearly a change in the circumstances of one of the child's custodians. However, the trial court made no finding that the present environment endangers the physical or emotional health, or impairs the emotional development, of the child. Further, the court failed to weigh the harm likely to be caused by removing the child from his father, his school and his environment against the benefits of additional time with his mother. Absent these findings, the modification of custody may not stand. *See Chapman v. Chapman*, 352 N.W.2d 437, 440 (Minn.Ct.App.1984).

■ 3. Nancy moved the trial court to modify the allocation of transportation expenses and argued for the same relief before this court. However, John did not raise the issue of transportation costs in his statement of the case. A respondent who wishes to raise additional issues "may obtain review of a judgment or order entered in the same action which may adversely affect him by filing a notice of review with the clerk of the appellate courts." Minn.R. Civ.App.P. 106. The notice must be served and filed within 15 days after service of the notice of appeal. Nancy did not file a notice of review or a statement of the case to put John on notice that the issue of transportation expenses would be raised. By failing to comply with the rules, Nancy waived appeal on this issue.

## DECISION

1. We reverse the trial court's modification of joint custody because there are no findings which support removing the child from his current environment.

2. Nancy did not properly present her objections to the trial court's allocation of transportation expenses.

3. We direct the trial court to make findings as required by Minn.Stat. § 518.-18(d).

Reversed and remanded for findings.