**In re the Marriage of Joel F. HE-GERLE, petitioner, Respondent,**

v.

**Roberta K. HEGERLE, etc., Appellant.**

**No. C5–84–97.**

Court of Appeals of Minnesota.

Sept. 18, 1984.

Thomas Stringer, Williams, Nitz, Krekelberg, Stringer & Oldenkamp, Fergus Falls, for respondent.

Stephen Rufer, Rufer, Hefte, Pemberton, Schulze, Sorlie, Sefkow & Kershner, Fergus Falls, for appellant.

Heard, considered and decided by POPOVICH, C.J., and LESLIE and CRIPPEN, JJ.

## OPINION

LESLIE, Judge.

This is an appeal from a trial court's order to amend the custody provisions in a judgment and decree of dissolution. We affirm.

## FACTS

The appellant Roberta Reed, formerly Roberta Hegerle, and the respondent Joel Hegerle were divorced on June 23, 1981. Pursuant to stipulation of the parties, the judgment and decree of dissolution awarded the respondent custody of the parties' son, subject to visitation rights of the appellant.

On October 6, 1982, again pursuant to stipulation of the parties, the court ordered amendment of the original judgment to provide for joint legal and physical custody of the child. The amended decree stated that "[e]ach party shall have the child in their possession for seven days out of each two-week period with the right of reasonable visitation in the other party * * *"

On May 2, 1983 the appellant brought a motion to allow her to move the residence of the child to Oklahoma and to change the physical custody provisions in the judgment and decree. Those proposed changes would allow the child to reside with the appellant during the school year and with the respondent during the summer months. The appellant, along with her moving papers, submitted an affidavit stating that she was moving to Oklahoma to pursue her career, and other persons submitted additional affidavits on her behalf and in favor of the custody modification. The respondent opposed this motion, and affidavits were submitted by him and on his behalf indicating that the child should remain in Minnesota.

The trial court by order of May 27, 1983 denied the appellant's motion, based upon the file and the affidavits submitted. No findings of fact were included in the court's order.

The appellant, upon receiving notice of the court's denial of her motion, moved the court for continuous visitation through the summer of 1983. The respondent agreed to this request and the court granted the appellant's motion based upon a stipulation signed by the parties.

On June 24, 1983 the appellant apparently had second thoughts about the court's order of May 27, and therefore brought a

motion to amend that order. The motion was entitled "Motion for Amended Order or New Trial," and requested equal division of physical custody or, in the alternative, a full evidentiary hearing on the custody issue. The respondent answered this motion by filing a motion to dismiss the appellant's request for relief, alleging that Rule 59.03, Minn.R.Civ.P. provides a 15-day limit for a motion for a new trial, which period had expired because notice of the May 27 order had been served on June 1 and appellant had not moved for a new trial until June 24.

The trial court, after hearing arguments of the parties' attorneys, did not amend its May 27 order or open the proceedings to allow an evidentiary hearing as requested. Instead, the court, *sua sponte*, ordered amendment of the custody provision in the original judgment and decree of dissolution to give the respondent physical custody during the school year and to allow the appellant custody during the summer. Again the trial court did not enter any findings of fact supporting this conclusion.

The appellant has appealed from this last order of the trial court, which was dated October 14, 1983. She claims that the trial court erred by entering the above order without an evidentiary hearing and without entering any findings of fact. She also claims that the court's division of the joint physical custody between the parties was not in the best interests of the child. The respondent counters by claiming that the June 24 motion by the appellant, which was the basis for the October 14 order, was improper, and that therefore issues raised in that motion may not be considered upon appeal.

## ISSUES

1. Is an order to amend a dissolution decree an appealable order?

2. Was the appellant's motion to amend a previous order timely and proper?

3. Should the trial court have entered findings of fact to support its order modifying the original custody decree?

4. Did the trial court erroneously fail to order an evidentiary hearing prior to amending the original custody decree?

## ANALYSIS

### I.

The appellant has appealed from the trial court's order for amendment of the judgment and decree of dissolution and not from the amended judgment itself. Therefore, this appeal is premature. *See Kirby v. Kirby,* 348 N.W.2d 392 at (Minn.Ct.App. 1984). *Kirby,* however, did allow the appeal "in the interests of judicial economy." *Id.* Although this appeal is improper, we have chosen to consider the merits of the case under the reasoning of *Kirby.*

### II.

The appellant did not appeal from the May 27 order which denied her motion to modify the original custody decree but, instead, moved the court on June 24 for an order dividing custody equally or granting an evidentiary hearing on the custody issue. The respondent claims that the present appeal from that motion is improper since the May 27 order was final.

This argument of the respondent might require careful analysis and consideration, had the trial court simply denied the appellant's June 24 motion. However, instead of denying that motion or granting the appellant's requested relief, the trial court *sua sponte* on October 14 ordered modification of the original custody decree. Because the trial court's order was issued upon its own motion, rather than in response to the issues raised in the appellant's motion, we need not consider the alleged irregularities in the appellant's motion. Rather, we must focus upon the trial court's October 14 order and the issues which the appellant has raised concerning that order.

### III.

The October 14 order, which modifies the custody provisions in the original judgment and decree of dissolution, does

not contain any findings of fact. The appellant urges that the order is therefore improper and cannot be reviewed. Indeed, in *Rosenfeld v. Rosenfeld,* 311 Minn. 76, 82, 249 N.W.2d 168, 171 (1976) the Minnesota Supreme Court stated:

> In light of the importance of written findings and the fact that Minn.St. 518.-17, subd. 1 directs the family court to "consider and evaluate" certain specific factors in determining the best interest of the child, we conclude that the family court must make written findings which properly reflect its consideration of the factors listed in Minn.St. 518.17, subd. 1. Such findings would (1) assure consideration of the statutory factors by the family court; (2) facilitate appellate review of the family court's custody decision; and (3) satisfy the parties that this important decision was carefully and fairly considered by the family court.

We recognize that the above language will ordinarily require that an appeal be remanded where the trial court's modification of a custody provision is unsupported by findings of fact. Nonetheless in the present instance we elect not to remand, but to review the trial court's conclusions by a study of the record.

■ A review of the affidavits and other evidence presented to the trial court requires affirmance of that court's decision, since the record would reasonably sustain findings that the custody modification was in the best interests of the child.[1] The "best interests of the child" requires consideration and evaluation of:

(a) The wishes of the child's parent or parents as to his custody;

(b) The reasonable preference of the child, if the court deems the child to be of sufficient age to express preference;

(c) The interaction and interrelationship of the child with his parent or parents, his siblings, and any other person who may significantly affect the child's best interests;

(d) The child's adjustment to his home, school, and community;

(e) The length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity;

(f) The permanence, as a family unit, of the existing or proposed custodial home;

(g) The mental and physical health of all individuals involved;

(h) The capacity and disposition of the parties to give the child love, affection, and guidance, and to continue educating and raising the child in his culture and religion or creed, if any; and

(i) The child's cultural background.

Minn.Stat. § 518.17 subdivision 1 (1982). In the present situation the evidence would particularly support a finding that the child is well adjusted to the respondent's home and community where, pursuant to the original decree, he is accustomed to spending one-half his time. A move to Oklahoma would take the child away from his relatives, his friends and his present home town; thus, the trial court's conclusion to deny the move appears to be supported by the interests of the child. Subdivisions (d), (e) and (f) of the statute stress the importance of considering stability and continuity when determining a custody issue, and in this instance a finding that the respondent's community appears to be the more stable environment would be supported by the record.

### IV.

In her motion to the court which prompted the entry of the October 14 order the appellant requested an evidentiary hearing on the custody issue. Without granting a hearing, the court by its October 14 order denied the appellant permission to move the child, and ordered amendment of the

---

1. We recognize that Minn.Stat. § 518.18(d) (1982) also requires the trial court to consider whether a change has occurred in the circumstances of the child or his custodian; however, both parties agree that such change has oc-

curred. We address that question in section IV of this opinion in the context of our discussion of *Auge v. Auge,* 334 N.W.2d 393 (Minn.1983) and cases preceding that decision.

custody decree to reflect that denial. The appellant contends on appeal that the trial court erred by modifying the custody decree without holding an evidentiary hearing.

■ The trial courts are accorded continuing jurisdiction under Minn.Stat. § 518.18 (1982) to reexamine and modify custody orders where warranted. The statute, however, provides no procedural guidelines to be followed by a court which is presented with a petition for modification.

■ In *Thompson v. Thompson*, 238 Minn. 41, 55 N.W.2d 329 (1952) the Minnesota Supreme Court held that, absent waiver, an order modifying a custody decree must be based upon an evidentiary hearing. This decision was recently reaffirmed in *Hummel v. Hummel*, 304 N.W.2d 19, 20 (Minn.1981). A court may refuse to modify a custody decree, however, without holding an evidentiary hearing. *Nice-Petersen v. Nice-Petersen*, 310 N.W.2d 471 (Minn. 1981). The reasoning behind the evolution of these procedural rules is that the burden must be upon the noncustodial parent to prove that there has been a significant change in circumstances since the entry of the original custody order. *See* Minn.Stat. § 518.18(d). If the affidavits do not establish any change in circumstances sufficient to justify a modification, there is no reason to require litigation of the issue. This is similar to dismissal of a civil proceeding for failure to state a claim. However, if there is sufficient evidence to warrant the court's consideration of a modification order, the custodial parent is entitled to a hearing.

■ In *Auge v. Auge*, 334 N.W.2d 393 (Minn.1983) the Minnesota Supreme Court discussed the right to an evidentiary hearing where a custodial parent petitions the court for permission to move a child to another state. The *Auge* court noted that "denial of permission to remove would effect a change of custody in *many* cases," *Id.*, at 397 (emphasis supplied), since if a *custodial* parent moves out of the state without being allowed to take the child, physical custody would in effect be changed to the non-custodial parent. Likewise, the non-custodial parent's motion opposing removal may, in those "many" cases, be treated as a motion to modify custody. Whether the court denies the custodial parent's request or grants the non-custodial parent's request, a change of custody in those cases is often effected, which, consistent with the longstanding rule, requires an evidentiary hearing. *Auge*, 334 N.W.2d at 396. If, however, a custodial parent is granted permission to remove the child, the non-custodial parent is in effect denied modification, which, as under the old rule, requires no evidentiary hearing. *Id.* In accordance with these rulings, *Auge* established the rule that a custodial parent is presumptively entitled to remove the child to another state without a hearing unless the party opposing removal "establishes by a preponderance of the evidence that the move is not in the best interests of the child." *Auge*, 334 N.W.2d at 399.

It must be remembered, however, that *Auge* dealt with a situation where physical custody of the child was vested in one parent. Although *Gordon v. Gordon*, 339 N.W.2d 269 (Minn.1983) extended *Auge* to encompass situations where the parents have joint legal custody, under *Gordon* the presumption in favor of a parent's removal was still limited to situations where one parent had sole physical custody.

■ This is not one of those "many" cases encompassed by the *Auge* decision where a custodial parent wishes to remove a child from the state, and the principles of *Auge* and *Gordon* should not be further extended to cases where parents have joint legal and physical custody, and where, as here, both parents are equally involved with the child's care. To extend the *Auge* presumption in favor of removal in this instance would completely abrogate the concept of joint physical custody; thus we decline to apply that presumption here.

■ In addition, we decline to hold that an evidentiary hearing is required whenever the parties have been granted joint legal and physical custody and a motion to remove the child is denied. Joint physical

custody does not require an absolutely equal division of time; rather, it is only necessary that physical custody of the child be the shared responsibility of the parties. (*See* Minn.Stat. § 518.003 subd. 3(d) (1982) which defines "joint physical custody" as meaning "that the routine daily care and control and the residence of the child is structured between the parties.") In many cases where the parties have been granted joint legal and physical custody, denial of a motion to remove will not necessarily change the joint custody status, but will merely require a re-working of the time-sharing arrangements. Specifically, in the present situation denial of the appellant's motion to remove did not effect a change in the joint custody, but was rather a means of maintaining the status quo and enforcing the custodial rights of the respondent who opposed the move. We particularly note that the respondent had originally been granted sole physical custody of the child, thus justifying our special concern with his custodial interests.

 We recognize that the facts of the present case are so distinguishable from those in *Auge* as to require treatment under the old rule of *Nice-Petersen* and its predecessors. Therefore, although we would have preferred a hearing in this instance, we find that the trial court was correct in determining that an evidentiary hearing was not mandatory.

### DECISION

The trial court's order which denied the appellant permission to remove her child from the state and provided for new terms of joint physical custody is affirmed.