In re the Marriage of Rita P. SYDNES, Petitioner, Appellant,

v.

**David L. SYDNES, Respondent.**

**No. C1–86–263.**

Court of Appeals of Minnesota.

June 3, 1986.

Jack S. Jaycox, Nancy E. Murphy, Bloomington, for appellant.

Lee L. Fossum, Lampe, Fossum & Crow, Northfield, for respondent.

Heard, considered and decided by SEDG-WICK, P.J., and PARKER and FORS-BERG, JJ.

## OPINION

PARKER, Judge.

This appeal is from an order denying appellant's motion for permission to remove her children from Minnesota for the purpose of establishing residency in France. Appellant contends the trial court erred in denying her motion because she is the children's primary caretaker, because the report of the guardian ad litem recommended such removal, and because a provision in the original judgment and decree provides for such removal. She also contends the trial court erred in failing to restructure the original custody arrangement. We affirm the trial court's denial of permission to move the children to France and remand for establishment of an appropriate visitation schedule.

## FACTS

Appellant Rita Sydnes (n/k/a Rita Choffrut) and respondent David Sydnes married in 1974 and divorced in February 1982. Under the terms of the judgment and decree, they were granted joint legal and physical custody of their two daughters. Custody alternated between the parties weekly, with visitation during the non-custodial week "as agreed upon." This joint arrangement worked well for three years, until appellant announced her plans to marry a French citizen and move to France.

In January 1985 she moved for permission to remove the children from the country, proposing they spend the school year with her in France and return to Minnesota to live with respondent during the summer. Respondent countered with a motion to change custody and grant sole legal and physical custody to him, with reasonable visitation to appellant for one month during the summer in France and "reasonable visitation during other times of the year in the United States."

An evidentiary hearing was held, and the trial court found the children's best interests would be served by remaining in Minnesota; appellant's request to move the children, then ages nine and seven, to France was therefore denied. The trial court noted that such denial "will not change custody but merely change visitation. [Appellant] is the one who has moved to France and she is the one who will have to adjust her visitation schedule." Respondent's request to change custody from joint to himself was also denied, "as he failed to meet the statutory criteria and burden as required to change child custody."

Appeal was taken from this order. Appellant's request for accelerated review was granted by this court. Respondent does not contest the trial court's denial of his motion to change custody.

## ISSUE

Did the trial court abuse its discretion in denying appellant's motion to remove the children from the country?

## DISCUSSION

■ A custodial parent is presumptively entitled to remove a child to another state unless the noncustodial parent establishes by a preponderance of the evidence that the move is not in the best interests of the child. *See Auge v. Auge,* 334 N.W.2d 393

(Minn.1983). This presumption, however, does not extend to cases where the parents have joint legal and physical custody and where both parents are equally involved with the child's care. *Hegerle v. Hegerle,* 355 N.W.2d 726, 731 (Minn.Ct.App.1984).

▮ Either a denial or a grant of permission to move the children to France will effect a change in the original joint custody arrangement. Generally, where the parties have not agreed to such a change, a court is to retain the custodian established by the prior order unless it specifically finds *all* of the following:

1. "a change has occurred in the circumstances of the child or his custodian;"

2. "the modification is necessary to serve the best interests of the child;"

3. "[t]he child's present environment endangers his physical or emotional health or impairs his emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child."

Minn.Stat. § 518.18(d) (1984). Modifications are difficult to justify. The standard set out in § 518.18(d) is unworkable in a situation such as this; rarely can a party show that removal from a state or the country is warranted because the children's present environment endangers their physical or emotional health.

▮ Relocation may be prompted by a variety of reasons. Whether for personal preference or economic necessity, the "focus should remain, where the legislature has placed it, on the best interests of the child." *Auge,* 334 N.W.2d at 400. As recognized by the trial court, that is the proper standard to be applied in this unusual fact situation. Of particular importance to young children are the "best interest" factors stressing stability and continuity of care and environment. *See* Minn.Stat. § 518.17, subd. 1(c), (d), (e), (f) (1984); *Pikula v. Pikula,* 374 N.W.2d 705, 711–12 (Minn.1985). As a practical matter, the burden is on appellant as the movant to establish that removal of the children to France is in their best interests. *See Nice-*

*Petersen v. Nice-Petersen,* 310 N.W.2d 471, 472 (Minn.1981).

Though the parties' briefs make it appear that the evidence is conflicting, the testimony presented at the hearing was relatively consistent. It is undisputed that both parties are fit and proper parents, although both have had personal problems in the past. After her divorce from respondent, appellant underwent therapy and counseling for emotional problems. Respondent had been discharged from his employment partly due to his chemical dependency problems. At the time of the hearing, however, he had been reinstated and had undergone treatment with positive results, according to the testimony of his work supervisor and his primary counselor.

Both parties are financially secure and are equally capable of providing for the children. Both will provide adequate homes. Appellant and her new husband live in a large, three-bedroom apartment in Avignon, France. Respondent was married in December 1985 and lives in the same house which the parties and their children had moved into when the oldest child was an infant. The children get along well with both step-parents.

The children have always lived in Northfield, Minnesota, are good students and have many friends. They are well adjusted to their home, school, and community. Respondent's extended family lives in the area. The children see their relatives frequently and have a close relationship with them. They are also close to appellant's mother and spend time at her house in northern Minnesota during the summers. Respondent has a good relationship with appellant's mother, and she has visited the children at respondent's home.

▮ After making numerous findings based on this evidence, the trial court concluded:

3. The children have adjusted to their home, school and community. It is in their best interests if they remain in Minnesota and continue to have the continuity of the stable and satisfactory environ-

ment in which they have lived all of their lives.

4. It is in the children's best interests if they preserve and maintain the close relationship they have with their father, grandparents, aunts, uncles and cousins living in the same community and surrounding area.

5. It is in the children's best interests if they continue to be raised in their present cultural background and religion.

6. Moving to the country of France, would take these children away from their relatives, friends, school, hometown and may adversely affect them.

These conclusions, which are amply supported by the findings and the evidence, justify the trial court's denial of appellant's motion to remove the children to France.

■ Appellant contends the trial court's "best interests" analysis ignores her role as the children's primary caretaker. However, when the facts demonstrate that responsibility for and performance of child care was shared by both parents in an entirely equal way, no preference arises for either parent. *Pikula*, 374 N.W.2d at 713–14. The trial court specifically found that both parties are "fit and proper persons to have custody," that the parties shared equally in the performance of the caring and nurturing duties, and that the children spent equal amounts of time with each parent. At the time of the initiation of these proceedings, neither party could be characterized as the primary parent. In a true joint legal and physical custody situation such as this, no *Pikula* issue arises.

■ Appellant next contends the trial court's decision ignores the guardian ad litem's report, which recommended the children move to France during the school year and spend summers with respondent in Minnesota. At the time the report was prepared, respondent was unemployed and was in the early stages of chemical dependency treatment. The guardian ad litem testified at the hearing that these factors had influenced her decision, but she refused to change her recommendation even though the evidence showed that respondent was again working and had undergone treatment with positive results. The trial court is not bound to adhere to expert testimony, especially when it is outweighed by other evidence. *Pikula*, 374 N.W.2d at 710.

■ Finally, appellant contends the parties are bound by the original judgment and decree which provides that if either party moves outside the school district, the children are to remain with appellant during the school year and with respondent during the summers. Appellant had added this particular provision, without respondent's knowledge, to the draft order presented to the court a few minutes before the default dissolution hearing. Even if the parties had unequivocally stipulated to such a provision, the welfare of the child still takes precedence. *Moylan v. Moylan*, 384 N.W.2d 859, 865 (Minn.1986) (citing *Petersen v. Petersen*, 296 Minn. 147, 148, 206 N.W.2d 658, 659 (1973)). Parties cannot enter into a stipulation which might not be in the best interests of the child. Such an agreement is entitled to little weight.

Denial of permission to move the children to France necessitates a change in the parties' custody arrangement. They retain joint legal and physical custody of the children, even though appellant now lives in France. After filing this appeal, appellant moved this court to establish a schedule for future visitation. In an order dated March 25, 1986, denying that motion, we indicated that "[t]rial courts are in the better position to evaluate the interests and needs of the children * * *." This matter is remanded to the trial court for establishment of an appropriate visitation schedule.

## DECISION

The trial court's denial of appellant's motion to remove the children to France is affirmed and remanded for establishment of an appropriate visitation schedule.