In re the Marriage of Linda E. **LEES**, Petitioner, Respondent,

v.

Henry M. **LEES**, Appellant.

No. C4–86–1892.

Court of Appeals of Minnesota.

April 21, 1987.

Bjorn J. Ulstad, St. Paul, for respondent.

William E. Haugh, Jr., St. Paul, for appellant.

Heard, considered and decided by HUSPENI, P.J., and PARKER and LESLIE, JJ.

## OPINION

LESLIE, Judge.

Pursuant to stipulated agreement, Linda E. Lees and Henry M. Lees were granted both joint legal and joint physical custody of their two minor children subsequent to dissolution. After entry of the dissolution decree Henry relocated to Kansas. In December of 1985, four months after dissolution, Linda moved for an order allowing her to take the parties' children with her to South Carolina. Henry Lees moved in opposition to this motion. Ultimately, the parties were heard before a Ramsey County referee. The referee's recommended order authorized Linda's removal of the children. The district court reviewed this determination and also allowed removal. We affirm.

## FACTS

Henry and Linda Lees were married in 1977. Two minor children were born during their seven year marriage. Pursuant to dissolution proceedings, a hearing was held in March 1984 dealing with the custody of these two children. Following that hearing the parties entered into a stipulated agreement providing for joint legal and joint physical custody of the children.

The parties' dissolution came to trial in July of the following year. At that time Henry informed both Linda and the court that he was to be transferred by his employer from the Twin Cities to Overland Park, Kansas. Regardless, the court entered an amended judgment and decree pursuant to the parties' stipulated agreement, awarding the parties joint legal and joint physical custody of their children. Henry obtained physical custody of the children on alternating weekends, from Friday afternoon until Sunday evening. Henry also was awarded physical custody on each Friday and Tuesday evening. Physical custody alternated between Henry and Linda on major holidays. Summer vacation was divided between the two parents as well.

Subsequent to dissolution, Henry maintained his regular visitation schedule despite his relocation to Kansas. By arranging his business travel and driving the eight hour trip to the Twin Cities he has been able to comply with this schedule.

In December of 1985 respondent Linda Lees brought a motion to allow her to move the parties' two minor children from the State of Minnesota to the State of South Carolina. Linda indicated she desired such a move to enable her to obtain a better paying job, lower cost of living and familial support. Appellant Henry Lees opposed Linda's motion claiming such a move would amount to a modification of the original joint physical custody award and that Linda had not met the required statutory burden for such a change. The matter was eventually set for hearing before a family court referee.

On April 1, 1986 the parties appeared before a referee. Henry indicated that

should Linda be denied permission to take their children with her to South Carolina, he was ready to accept custody of the children. Henry further indicated he was exploring options to keep the children in Minnesota. Among these options were a possible transfer back to Minnesota or a change in employment. Linda indicated she desired to move to South Carolina to pursue a career in public television and receive support from her family there. Additionally, Linda cited South Carolina's lower cost of living as an important factor in her decision to move.

The referee found:

3. That, although the Decree uses the terms joint physical custody, primary physical custody, and secondary physical custody, the substance of the award is to grant the parties joint legal custody of the two minor children, with sole physical custody in the [respondent], subject to specific rights of visitation/physical custody in the [appellant]; that there is a presumption in joint legal custody awards which favors the decision of the physical custodian to remove children to another state; that [appellant] has the burden of establishing that the removal is not in the best interests of the two minor children [citation omitted]; and that removal may not be denied simply because the move may require an adjustment in the existing pattern of visitation [citations omitted].

The referee further found that Linda Lees had obtained her bachelor's degree in business management and that she required a job paying between $18,000 and $24,000 to make ends meet. The referee stated that her chances of obtaining such a position would be improved by a move to South Carolina because of her family support and connections there.

The referee recognized Henry Lees had complied with the original custody arrangement and that Linda's removal of their children would have a negative impact on his rights of visitation. Nonetheless, the referee found Henry had failed to establish that Linda's removal of the children was not in the best interests of the children.

Consequently, the referee's recommended order granted Linda permission to remove the parties' children to South Carolina subject to Henry's right to reasonable visitation and extended continuous summer visitation to make up for the loss of regular visitation during the school year. The order was solely limited to a move to South Carolina. Linda was ordered to file a new motion if she was unable to secure permanent full-time employment in South Carolina within 150 days. This order was stayed for ten days to allow review before removal. Despite notice of this stay, Linda removed the parties' children to South Carolina before review took place.

Henry argued before the district court that removal of the children from Minnesota amounted to a modification of custody. For such a modification to occur Linda was required to establish the elements of Minn. Stat. § 518.18(d) (1986). Further, Henry claimed the trial court was required to make the specific findings mandated by this statute. Henry argued Linda had not established these necessary elements and that the referee had not made the necessary findings.

The court rejected Henry's arguments and reached much the same conclusion as the referee, specifically adopting all of the referee's findings but one. The trial court declined to adopt referee's finding number three, which provided that sole physical custody resided with Linda despite the wording of the original decree. To the contrary, the trial court found that Linda and Henry had joint legal and physical custody of the children. The court allowed Linda to remove the children, reasoning that such a move merely amounted to a restructuring of the existing physical custody arrangement pursuant to *Hegerle v. Hegerle*, 355 N.W.2d 726, 732 (Minn.Ct. App.1984):

Although *Hegerle* involved the denial of a motion to change a child's residence when the parents had joint legal and physical custody, the underlying principle would seem to be the same when such a motion has been granted. As the court of appeals noted: "Joint physical custody does not require an absolute equal divi-

sion of time; rather, it is only necessary that physical custody be the shared responsibility of the parties." The court indicated that if one parent moves out of state and the children remain with the other, it is necessary only to rework the time-sharing arrangement and not to change the custody status.

Thus, in the instant action this court sees no need to change the custody status of the minor children. Rather, the custodial time-sharing will likely have to be reworked so that the children are able to spend reasonable amounts of time in the custody of each parent.

## ISSUE

Did the trial court properly grant respondent's motion for permission to remove the parties' minor children from the State of Minnesota to the State of South Carolina?

## ANALYSIS

■ A custodial parent is presumptively entitled to remove a child to another state unless the noncustodial parent establishes that the move is not in the best interests of the child. *Auge v. Auge*, 334 N.W.2d 393, 399 (Minn.1983). This presumption does not extend to cases, as here, where the parents have joint legal and physical custody and where both parents are equally involved with the child's care. *Hegerle v. Hegerle*, 355 N.W.2d 726, 731 (Minn.Ct. App.1984).

Generally, where "one parent with joint physical custody seeks to modify the custody so that the other parent will no longer have joint physical custody, the parent seeking modification must meet the statutory burden" established by Minn.Stat. § 518.18(d). *Sumner v. Sumner*, 353 N.W.2d 251, 252–53 (Minn.Ct.App.1984). The court in *Sumner* found that Minn.Stat. § 518.18(d) applied to a joint physical custody situation when the mother moved to remove the parties' children from Minnesota to Pittsburgh. *Sumner*, 353 N.W.2d at 253. Ultimately the court reversed and remanded for further findings under that statute. *Id.*

The legislative standard applied in *Sumner* applies to any case in which the parents do not agree to such a modification:

(d) If the court has jurisdiction to determine child custody matters, the court shall not modify a prior custody order unless it finds, upon the basis of facts that have arisen since the prior order or that were unknown to the court at the time of the prior order, that a change has occurred in the circumstances of the child or the custodian and that the modification is necessary to serve the best interests of the child. In applying these standards the court shall retain the custodian established by the prior order unless:

\*    \*    \*    \*    \*.    \*

(iii) The child's present environment endangers the child's physical or emotional health or impairs the child's emotional development and the harm likely to be caused by a change in environment is outweighed by the advantage of a change to the child.

Minn.Stat. § 518.18(d) (1986).

In *Sydnes v. Sydnes*, 388 N.W.2d 3, 6 (Minn.Ct.App.1986) this court found that the removal of a child from Minnesota to France also amounted to such a modification. Yet, the court in *Sydnes* indicated the statute did not contemplate this sort of joint physical custody issue and declined to require application of all the elements of the statute. The court stated:

Modifications are difficult to justify. The standard set out in § 518.18(d) is unworkable in a situation such as this; rarely can a party show that removal from a state or the country is warranted because the children's present environment endangers their physical or emotional needs.

*Id.*

In lieu of the prongs of § 518.18(d), the court in *Sydnes* indicated that in such "unusual fact situation[s]" the "focus should remain, where the legislature has placed it, on the best interests of the child." *Id.* (quoting *Auge v. Auge*, 334 N.W.2d at 400). The court further stated that factors stressing stability and continuity of care

and environment were of particular importance to young children. *Sydnes*, 388 N.W.2d at 6.

This court in *Hegerle v. Hegerle* further indicated that joint physical custody "does not require an absolutely equal division of time; rather, it is only necessary that physical custody of a child be the shared responsibility of the parties." *Hegerle*, 355 N.W.2d at 731–32. The court in *Hegerle* observed, "In many cases where the parties have been granted joint legal and physical custody, denial of a motion to remove will not necessarily change the joint custody status, but will merely require a reworking of the timesharing arrangements." *Id.* at 732. Consequently, the court declined to require an evidentiary hearing when the parties had been granted joint physical custody and a motion to remove was denied. *Id.* at 731.

The trial court applied the "underlying principle" of *Hegerle* and declined to apply Minn.Stat. § 518.18(d) (1986), finding "if one parent moves out of the state and the children remain with the other, it is necessary only to rework the time-sharing arrangement and not to change the custody status." In essence, the statute does not apply because no modification of custody has taken place. "[T]he custodial timesharing will likely have to be reworked so that the children are able to spend reasonable amounts of time in the custody of each parent."

█ The trial court's analysis is incomplete. This court in *Sydnes* stated that "[a]s a practical matter, the burden is on appellant as the movant to establish that removal of the children * * * is in their best interests." *Sydnes*, 388 N.W.2d at 6. *Hegerle* then establishes that if such a motion is denied, and the movant still leaves the state, custody "will not necessarily change." *Hegerle*, 355 N.W.2d at 732. Because such a modification of custody would not in all such cases be necessary, *Hegerle* does not uniformly mandate an evidentiary hearing at that point. *Id.* at 731. *Hegerle* does not hold that in a joint physical custody situation removal of the parties' children from the state does not amount to a modification of custody. *Hegerle* holds that a parent who leaves the state subsequent to denial of a motion to remove does not necessarily lose status as a joint physical custodian. In such cases an evidentiary hearing may not be necessary because reworking of the time-sharing arrangements may be sufficient. *Id.*

The difficulties of joint physical custody arrangements are apparent. When does a change of circumstances amount to a change of custody? This is particularly difficult to ascertain when, as in this case, joint physical custody operates in fact as a visitation arrangement. In these cases, the inquiry is inevitably fact specific, focused on the best interest of the child involved. Yet, a case like the current one presents further difficulties when neither parent is preferred. Additionally, Henry's move to Kansas further blurs the line between joint physical custody and a visitation arrangement.

Pursuant to *Sydnes*, respondent Linda Lees has the burden of establishing that her proposed removal of the parties' minor children to South Carolina is in the children's best interest. *See* Minn.Stat. § 518.18(d) (1986); *Sydnes*, 388 N.W.2d at 6. For such a motion to be granted the trial court must make findings to that effect. *See Rosenfeld v. Rosenfeld*, 311 Minn. 76, 82, 249 N.W.2d 168, 171 (1976).

The "best interests of the child" means all relevant factors to be considered and evaluated including:

(a) The wishes of the child's parent or parents as to custody;

(b) The reasonable preference of the child, if the court deems the child to be of sufficient age to express preference;

(c) The interaction and interrelationship of the child with a parent or parents, siblings, and any other person who may significantly affect the child's best interests;

(d) The child's adjustment to home, school, and community;

(e) The length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity;

(f) The permanence, as a family unit, of the existing or proposed custodial home;

(g) The mental and physical health of all individuals involved;

(h) The capacity and disposition of the parties to give the child love, affection, and guidance, and to continue educating and raising the child in the child's culture and religion or creed, if any; and

(i) The child's cultural background.

Minn.Stat. § 518.17, subd. 1 (1986).

The trial court adopted the following findings relevant to the child's best interests:

7. That Petitioner received her bachelor degree in business management in January, 1986; that she requires full-time employment at a gross salary between $18,-000 and $24,000 a year to make ends meet; that her efforts to secure permanent employment in her field in the Twin City area have been unsuccessful; and that her prospect for employment under the present economic circumstances in Minnesota is very limited.

8. That Petitioner's eldest children have relatives and a grandmother living in South Carolina; that the father of those children resides in Atlanta, Georgia; that Petitioner's oldest brother resides with his family in Columbia, South Carolina, where Petitioner intends to relocate; that Petitioner's sister-in-law is employed outside of the home in the educational TV field; that her brother and sister-in-law have extensive business contacts which provide the potential for permanent full-time employment of the Petitioner; and that they have both committed their efforts to assist her in securing employment.

9. That, when Respondent married the Petitioner, he did not marry a single person, but a person with an intact family; that Petitioner's family unit has continuously included the children born prior to her marriage with respondent; that Petitioner is committed to move to the State of South Carolina; that denial of the right to remove the minor children of the parties to the State of South Carolina

would result in a change in custody to the respondent; and that, in any event, [the parties' children] will be required to make an adjustment to a new community.

While the trial court did not make any specific findings pertaining to the best interests of the children, consideration of their needs and all the statutorily required factors was implicit in the findings that were made. The court made findings concerning Linda's family unit of which the parties' children are a part. The children's needs were certainly a factor in the court's findings concerning Linda's economic needs and her ability to better achieve them in South Carolina. The trial court outlined the extensive familial support system available to Linda and her children. The trial court also noted that regardless of whether the children were moved to South Carolina or not they would be forced to adjust to a new environment because of Henry's residence in Kansas. These findings, in conjunction with the trial record, support the conclusion that the move to South Carolina is in the best interests of the children. *See Hegerle*, 355 N.W.2d at 730 (ordinarily where the trial court's modification is unsupported by findings of fact the appeal will be remanded for further findings, "[n]onetheless in the present instance we elect not to remand, but to review the trial court's conclusions by a study of the record"). Consequently, despite the trial court's misplaced reliance on *Hegerle*, we find that the trial court's ultimate conclusion was correct. Restructuring of the timesharing arrangement is in order. Pursuant to motion, this restructuring should attempt to provide both parties the respective benefits of the original decree.

## DECISION

Respondent's motion to remove the parties' children to South Carolina was properly granted as in the best interests of the children.

Affirmed.