Angela K. KLECKER, a/k/a Angela K.
Krenke and Angela K. Judson,
Petitioner, Appellant,

v.

George KLECKER, Respondent.

No. C9–89–1773.

Court of Appeals of Minnesota.

April 10, 1990.

Bruce R. Mikeworth, Owatonna, for appellant.

Dean K. Rietz, Rietz, Rietz & Rietz, Owatonna, for respondent.

Considered and decided by LANSING, P.J., and HUSPENI and KALITOWSKI, JJ.

## OPINION

HUSPENI, Judge.

Where appellant Angela K. Klecker (a/k/a Angela K. Krenke and Angela K. Judson) and respondent George Klecker shared custody of their minor child in an arrangement which was actually joint phys-

ical custody, appellant maintains that the trial court's denial of her motion to alter the custodial arrangement to primary physical custody in her or alternatively for an altered schedule of physical custody was based on an improper application of Minn. Stat. § 518.18(d) and improper consideration of the child's best interests. We reverse and remand.

## FACTS

An amended judgment and decree dissolving the parties' marriage was entered December 24, 1986. Pursuant to the parties' agreement it stated:

2. [Appellant] and respondent are awarded joint legal and physical custody of their child, Jesse Klecker, born December 1, 1983. Both shall have equal rights and responsibilities with respect to their child, including the right to participate in decisions affecting the child's education, health care and religious training.

The parties agree that under the provisions of the amended decree each of them has had physical custody of the minor child approximately 50% of the time. In January 1988, appellant married Brian Judson of Escanaba, Michigan. Appellant and Judson now have an infant son. Because the economic and career opportunities were deemed better in Michigan than in Minnesota, appellant and her new family decided to move there.

In April 1989, appellant moved the trial court for a court ordered custody evaluation and for an amendment to the terms of the judgment and decree which would

provide that the physical care, custody, and control of the parties' minor child * * * be awarded to [appellant] subject to [r]espondent's right of reasonable visitation.

Appellant also requested that she be granted temporary custody of the child in Michigan until a final ruling on her motion could be made.

On April 12, 1989, the trial court approved an agreement of the parties in which respondent agreed to participate in the custody evaluation and to let appellant

have temporary physical custody of the child in Michigan from May 15, 1989, until a June 2, 1989 hearing. Appellant subsequently moved

to amend her [m]otion * * * to provide *as an alternative,* for an [o]rder as follows:

1. That [appellant], as a joint legal and physical custodian of the parties' minor child be allowed to change the child's residence while in her physical custody from the State of Minnesota to the State of Michigan; and

2. To alter the physical custody schedule * * * to provide for the child's physical custody being with his mother during the school year and with his father during the summer months, * * *

(Emphasis added.) Appellant's motion to amend her original motion was granted.

On May 30, 1989, the custody evaluation which consisted of two parts was completed. The first section of the report, prepared by the South Central Human Relations Center, recommended that the child spend the school year with appellant and that summers and other vacations be spent with respondent. The second section of the report was prepared by the Steele County Department of Court Services. It made essentially the same recommendation.

At the June 2, 1989 hearing on appellant's amended motion, counsel argued but testimony was not taken. The trial court's interim order, dated that day, stated:

Counsel for both parties stated that neither [appellant] nor [r]espondent had any additional information to provide to the Court regarding the subject matter of the aforesaid report from the Steele County Department of Court Services. * * * [B]oth counsel stipulated that the facts relating to the issues raised were sufficiently set forth in the aforesaid report and that the matter could be decided without further evidence by the Court following leave to submit responsive memoranda.

On August 25, 1989 the trial court issued an order finding that "[appellant] has not met the statutory thresholds as set forth in

Minn.Stat. [§]§ 518.17, 518.18(d) (1986)." While the order denied "[appellant's] request for a change of custody," it did alter the custody schedule, requiring the child to spend the school year with respondent, and summers with appellant. The trial court's order concluded stating "[appellant] and [r]espondent shall retain joint legal and physical custody of the minor child."

## ISSUES

1. Was the trial court's failure to modify custody under Minn.Stat. § 518.18(d) (1986) erroneous?

2. Did the trial court appropriately consider the minor child's best interests?

## ANALYSIS

### I.

▮▮▮ Minnesota Statute § 518.18(d) (1988) reads in pertinent part:

(d) * * * [T]he court shall not modify a prior custody order unless it finds * * * that a change has occurred in the circumstances of the child or *the custodian* and that the modification is necessary to serve the best interests of the child. In applying these standards the court shall retain *the custodian* established by the prior order unless:

(i) *The custodian* agrees to the modification;

(ii) The child has been integrated into the family of *the petitioner* with the consent of *the custodian;* or

(iii) The child's present environment endangers the child's physical or emotional health or impairs the child's emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

(Emphasis added.) The trial court here applied section 518.18(d) and found its re-

quirements were not met. However, we note the inherent inconsistency in applying Minn.Stat. § 518.18(d) to a joint physical custody arrangement where neither parent is, in fact, the primary physical custodian, and conclude that modification of such joint physical custody was not contemplated by this statute. *See Hegerle v. Hegerle,* 355 N.W.2d 726, 731 (Minn.Ct.App.1984) (burden of proving a significant change in circumstances is on "the noncustodial parent"); Unif. Marriage and Divorce Act § 409, and Comment, 9A U.L.A. 628–29 (1973) (similar references to "the custodian" suggest a similar presumption that the section was not designed to apply to a joint physical custody award). *See also Keith v. Keith,* 429 N.W.2d 276, 279–80 (Minn.Ct. App.1988) (["The high thresholds for custody modification present in Minn.Stat. § 518.18 were] enacted to promote and ensure stability and security in the lives of children * * *. [A] statute which was intended to be the guardian of a child's need for stability and security should [not] be invoked as a weapon to perpetuate a custodial arrangement that threatens and endangers it" and suggesting application of the best interest standard) (Huspeni, J. concurring specially); *Sydnes v. Sydnes,* 388 N.W.2d 3, 6 (Minn.Ct.App.1986) (Recognizing the "unworkability" of Minn.Stat. § 518.18(d) in an actual joint physical custody situation and that the "best interests of the child" is the proper standard to be applied in such "unusual fact situation[s]").[1]

In this case, the trial court found

The parties, since their separation in December of 1985, have divided equally the amount of time their son is in the custody of each of them. Both [parents] have been active in parenting their minor child.

*Sumner,* 353 N.W.2d at 253. However, *Sumner* does not define the nature of the custody arrangement being modified.

In *Keith v. Keith,* 429 N.W.2d 276 (Minn.Ct. App.1988), application of section 518.18(d) to stipulated joint physical custody was unchallenged. The majority did not address the issue.

---

**1.** In *Sumner v. Sumner,* 353 N.W.2d 251 (Minn. Ct.App.1984), this court stated:

[W]here one parent with joint physical custody seeks to modify the custody so that the other parent will no longer have joint physical custody, the parent seeking modification must meet the statutory burden [of Minn.Stat. § 518.18(d) ].

This finding is not clearly erroneous. The parties exercised actual joint physical custody at the time of the modification motion. Therefore, Minn.Stat. § 518.18(d) was inapplicable. We agree with the observation of the *Sydnes* court that in cases of actual joint physical custody, the focus must remain where the legislature placed it: on the best interests of the minor child as those best interests may be determined by application of section 518.17.[2] *See Pikula v. Pikula,* 374 N.W.2d 705, 711 (Minn.1985) ("The guiding principle in all custody cases is the best interest of the child").

## II.

▮▮▮ The trial court ordered that physical custody remain with both parties jointly, but modified that arrangement to provide that the child spend the school year with respondent and summers with appellant in Michigan. Because section 518.-18(d) was not applicable to the evenly divided joint physical custody which existed at the time the motions were brought, we agree that the trial court correctly invoked the provisions of section 518.17 in reallocating the amount of time the child will spend with each parent. While appellant does not dispute the applicability of section 518.17, she does argue that:

> the trial court did not adequately address the relevant factors which are to be considered and evaluated by the court as set forth in [that statute].

We agree.

> The family court rules require that
> [a]ll orders and decrees in family court proceedings *shall* contain particularized findings of fact sufficient to support the determination of custody and visitation * * *.

Minn.R.Fam.Ct. 7.05 (Supp.1987) (emphasis added). *See also Stich v. Stich,* 435 N.W.2d 52, 53 (Minn.1989) ("Effective appellate review of the exercise of [the trial court's] discretion is possible only when the trial court has issued sufficiently detailed findings of fact to demonstrate its consid-

eration [of all relevant factors]"); *Moylan v. Moylan,* 384 N.W.2d 859, 865 (Minn. 1986) ("While the record may support a trial court's decision, it is nevertheless inadequate if that record fails to reveal that the trial court actually considered the appropriate factors").

Regarding the best interest analysis in removal situations, *Sydnes,* 388 N.W.2d at 6, states:

> *Of particular importance* to young children are the "best interest" factors stressing stability and continuity of care and environment. *See* Minn.Stat. § 518.17, subd. 1(c), ["the interaction and interrelationship of the child with a parent or parents * * * [and] any other person who may significantly affect the child's best interests"] (d), ["the child's adjustment to home, school, and community"] (e), ["the length of time the child has lived in a stable, satisfactory environment and the desirability of remaining continuity"] (f) ["the permanence, as a family unit, of the existing or proposed custodial home"] (1984); *Pikula v. Pikula,* 374 N.W.2d 705, 711–12 (Minn.1985).

(Emphasis added.) Regarding these portions of Minn.Stat. § 518.17, subd. 1, the trial court found:

## V.

> The child, Jesse Klecker, is well adjusted to the Respondent's home where he spends one half of his time and to the local community. A move to the State of Michigan would take the parties' child away from his grandparents and other relatives, his friends and his home town. The present environment of the child provides stability and continuity.

The trial court failed to make findings on all the factors emphasized in *Sydnes.* Specifically, the trial court failed to address the factor regarding a comparison of the relative permanency of proposed homes. *See* Minn.Stat. § 518.17, subd. 1(f). Addi-

---

**2.** In *Knott v. Knott,* 418 N.W.2d 505, 508 (Minn. Ct.App.1988), relied upon by respondent, each parent had sole physical custody of two of the four children, a fact situation qualitatively dif-

ferent from this case. Nonetheless, *Knott* is consistent with the analysis set out in this opinion.

**268**

tionally, while *Sydnes* indicated that for young children certain of the best interest factors were more important than others, it did not indicate that the remainder of the factors listed in Minn.Stat. § 518.17, subd. 1 do not have to be considered.

We conclude that remand is necessary to permit the trial court to make findings sufficient to facilitate meaningful review. With regard to the specific facts of this case, the trial court on remand should address the relative permanency of each of the parties' homes, the amount of time the minor child will spend in the actual care of each parent in either home, and the minor child's opportunity to interact and relate with the child of appellant and her new husband. In addition, while "[t]he trial court is not * * * bound to adhere to * * * expert testimony if it believes it is outweighed by other evidence," *Pikula*, 374 N.W.2d at 710, we note the presence of two custody evaluations here. The substance of those reports contains discussion of many of the statutory factors set forth in Minn.Stat. § 518.17. We believe findings relative to those two reports would be pertinent.

## DECISION

In the instant case, the custodial arrangement present at the time of the modification request involved actual joint physical custody. Therefore, the trial court did not err in refusing to modify the parties' actual joint custody arrangement under Minn.Stat. § 518.18(d). While application of the best interests analysis under Minn. Stat. § 518.17, subd. 1 was proper, the trial court failed to make sufficient findings under this statute to support its decision. Therefore, we vacate the trial court's custody order and remand for additional findings.

Reversed and remanded.